**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

———————————————————— )
                                                    )
Mark Anthony REID,                                  )
                                                    )
on behalf of himself and others                     )         Case No. 3:13-cv-30125-MAP
similarly situated,                                 )
                                                    )
*Petitioner/Plaintiff*,                             )
                                                    )
v.                                                  )
                                                    )         Date: August 16, 2013
Christopher DONELAN, Sheriff,                       )
Franklin County, MA, et al.,                        )
                                                    )
*Respondents/Defendants*.                           )
                                                    )
———————————————————— )

**MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION FOR CLASS
CERTIFICATION**

Easha Anand, Law Student Intern
Tassity Johnson, Law Graduate Intern
Muneer I. Ahmad, Supervising Attorney
A. Nicole Hallett, Supervising Attorney
Michael J. Wishnie, Supervising Attorney
Jerome N. Frank Legal Services Organization
Yale Law School
P.O. Box 209090
New Haven, CT 06520

## PRELIMINARY STATEMENT

Petitioner Mark Reid brings this action on behalf of the class of all individuals who, have been or will be detained within the State of Massachusetts pursuant to the mandatory detention provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c), for over six months, as he has been. These individuals are held without an individualized bond hearing for periods exceeding the time that multiple courts, including this one, have found authorized by the statute.

This class action challenges the government's adherence to an interpretation of 8 U.S.C. § 1226(c) that allows it to hold individuals like Mr. Reid in no-bond detention indefinitely. The government's commitment to this interpretation defies the decision of this Court in *Bourguignon v. MacDonald*, 667 F. Supp. 2d 175 (D. Mass. 2009), and multiple other courts in the District of Massachusetts and throughout the country, that 8 U.S.C. § 1226(c) limits the amount of time a person can be detained without a bond hearing.  *See Flores-Powell v. Chadbourne*, 677 F. Supp. 2d 455, 478 (D. Mass. 2010); *Sengkeo v. Horgan*, 670 F. Supp. 2d 116, 123 (D. Mass. 2009); *see also Ortega v. Hodgson*, No. 11-cv-10358-MBB, 2011 WL 4103138, at *7 (D. Mass. Sept. 13, 2011); *Winkler v. Horgan*, 629 F. Supp. 2d 159, 161 (D. Mass. 2009); *see also Diop v. ICE/Homeland Security*, 656 F.3d 221, 234 (3d Cir. 2011); *Ly v. Hansen*, 351 F.3d 263, 273 (6th Cir. 2003). The most recent court to consider prolonged no-bond detention under 8 U.S.C. § 1226(c) has ruled that the statute does not authorize detentions exceeding six months. *Rodriguez v. Robbins* (*Rodriguez I*), 715 F.3d 1127, 1138 (9th Cir. 2013); *see also Rodriguez v. Holder* (*Rodriguez II*), No. 2:07-cv-03239-TJH-RNB at 5 (C.D. Cal. filed August 6, 2013) (ordering that ICE provide an individual detained pursuant to, *inter alia*, 8 U.S.C. § 1226(c), with a bond hearing before an IJ by the individual's 181st day of detention).

Despite declining to appeal any of the decisions by this Court and others in the District of Massachusetts interpreting 8 U.S.C. § 1226(c) as containing a reasonableness requirement, the government has persistently renewed its defective construction of the statute in opposing bond hearings (formally called "requests for custody redetermination") for Mr. Reid and similarly situated individuals in the Hartford and Boston Immigration Courts. Accordingly, Mr. Reid seeks certification of a representative habeas class pursuant to *United States ex rel. Sero v. Preiser*, 506 F.2d 1115 (2d Cir. 1974) (holding that collective habeas action is permissible, even though Fed. R. Civ. P. 23 does not apply to certain habeas proceedings) or, in the alternative, certification of a class under Rule 23 of all individuals who are or will be (1) mandatorily detained by ICE within the Commonwealth of Massachusetts (2) for longer than six months pursuant to 8 U.S.C. § 1226(c). Petition and Complaint at ¶ 58, *Reid v. Donelan*, No. 3:13-cv-30125-MAP (D. Mass. filed July 1, 2013).

The proposed class qualifies as a representative habeas class pursuant to *Sero*. First, the narrow questions posed in the action, which address whether mandatory detention under 8 U.S.C. § 1226(c) exceeding six months is statutorily authorized, are applicable to all putative members of the class. Second, much of the class is indigent, and all members of the class are immigrants, some with limited English proficiency; such a class makeup creates the high likelihood that most individuals unlawfully detained pursuant to 8 U.S.C. § 1226(c) would never otherwise obtain the relief sought on their behalf in this action. Lastly, a representative habeas class here would help achieve judicial economy by allowing the court to avoid adjudication of individual habeas petitions for every member of the class.

The proposed class also meets the requirements of Rule 23(a). The class is sufficiently numerous that joiner is impracticable. The putative class presents common questions of law and

fact, including whether the government has a policy or general practice of mandatorily detaining non-citizens in removal proceedings for longer than six months under 8 U.S.C. § 1226(c) without an individualized bond hearing. Like all class members, Mr. Reid is currently in removal proceedings and has been detained pursuant to 8 U.S.C. § 1226(c) for over six months without an individualized bond hearing, and thus his claim for relief is typical of the class he seeks to represent. With the assistance of the experienced counsel Mr. Reid has retained, he is able to fairly and adequately protect the interests of the class.

Certification of the putative class is also appropriate under Rule 23(b)(2). By opposing bond hearings for all individuals detained for more than six months pursuant to 8 U.S.C. § 1226(c), respondents have acted or refused to act on grounds that apply generally to the class. Further, because members of the proposed representative class will seek bond hearings, final relief is "appropriate respecting the class as a whole" to ensure that members of the proposed class are subject to a consistent government policy concerning their detention.

Mr. Reid seeks class certification in order to obtain class-wide declaratory and injunctive relief, including (1) declaring that the government's statutory authority under 8 U.S.C. § 1226(c) must be construed as limited to a six-month period, subject to a finding of flight risk or dangerousness, to avoid constitutional doubt, *see Rodriguez I*, 715 F.3d at 1133, or, in the alternative, declaring that no-bond detention exceeding six months that is unreasonable in light of the factors identified by this and other courts in this judicial district, *see, e.g.*, *Bourguignon*, 667 F. Supp. 2d at 182-184, violates the statute; and (2) enjoining the detention without an individualized bond pursuant to § 1226(c) of any person detained in excess of six months, or in the alternative, whose continued detention is unreasonable in light of the factors previously identified by this and other courts in this judicial district.

**ARGUMENT**

**I.      THE CLASS SHOULD BE CERTIFIED AS A REPRESENTATIVE HABEAS CLASS BECAUSE PETITIONER MEETS THE REQUIREMENTS OF *UNITED STATES EX REL. SERO V. PREISER*.**

The proposed class should be certified as a representative habeas class pursuant to *United States ex rel. Sero v. Preiser*, 506 F.2d 1115 (2d Cir. 1974). In holding that Rule 23 was not directly applicable to a habeas class action, the Second Circuit in *Sero* tailored procedures appropriate for such an action, allowing for the case to proceed as "a multi-party proceeding similar to the class action authorized by the Rules of Civil Procedure" that was also sensitive to the special circumstances of habeas petitioners. *Sero*, 506 F.2d at 1125. The Second Circuit articulated three reasons for why it found class action treatment appropriate in the habeas context: (1) the challenge brought by the class was "applicable on behalf of the entire class, uncluttered by subsidiary issues," *id.* at 1126; (2) "more than a few [class members] would otherwise never receive the relief here sought on their behalf," given the likelihood that many of the class members would be illiterate or lack sufficient education and would not have the resources to obtain the assistance of counsel in filing individual habeas applications, *id.*; and (3) a representative habeas would help achieve judicial economy by avoiding "[t]he considerable expenditure of judicial time and energy in hearing and deciding numerous individual petitions presenting the identical issue." *Id.*

All of these considerations are present in this case, thus counseling in favor of this Court certifying the class as a representative habeas action. First, this case addresses the narrow questions of (1) whether the government has a policy or general practice of detaining non-citizens in removal proceedings for longer than six months under § 1226(c) without providing an adequate hearing to determine if such prolonged detention is justified; (2) whether § 1226(c)

authorizes this detention policy or practice notwithstanding the previous rejection of ICE's interpretation of that statute by this and many other courts; and (3) whether this detention policy or practice violates the immigration statutes or the Due Process or Excessive Bail Clauses of the Constitution. All of these questions apply equally to all members of the putative class: all have been or will be detained by defendants in Massachusetts for more than six months pursuant to defendants' misinterpretation of the statute.

Second, many of the detained individuals are indigent, with limited English proficiency. Many of these individuals lack a meaningful understanding of the U.S. judicial system as well as resources to retain habeas counsel.  As a result, it is highly probable that many members of the putative class lack the ability to obtain the assistance of counsel in filing individual habeas petitions and may not even realize that their prolonged no-bond detentions are susceptible to legal challenge.

Third, the same concerns about judicial economy at issue in *Sero* are present here. Allowing a representative habeas action to proceed in this case would avoid "[t]he considerable expenditure of judicial time and energy in hearing and deciding numerous individual petitions presenting the identical issue." *Id.* Given the government's repeated refusal to comply with the unambiguous instruction that individuals cannot be detained indefinitely under 8 U.S.C. § 1226(c) without a bond hearing given by this Court, *see Bourguignon*, 667 F. Supp. 2d 175, as well as other District of Massachusetts courts, *see Ortega*, 2011 WL 4103138; *Flores-Powell*, 677 F. Supp. 2d 455; *Sengkeo*, 670 F. Supp. 2d 116; *Winkler*, 629 F. Supp. 2d 159, and given the Immigration Judges' refusal to follow these same decisions, the need to avoid numerous adjudications of the same issue is especially relevant in this case. Thus, this class should be certified as a representative habeas action under *Sero.*

II.   **IN THE ALTERNATIVE, THE CLASS SHOULD BE CERTIFIED BECAUSE PETITIONER MEETS THE REQUIREMENTS OF RULE 23(A) AND RULE 23(B)(2).**

In the alternative, Mr. Reid is entitled to class certification under Federal Rule of Civil Procedure 23, as he satisfies each of the requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy—as well as those of Rule 23(b)(2). *See Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 130 (2010) ("By its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action."); *see also Rodriguez II*, No. 2:07-cv-03239-TJH-RNB at 1-2 (recognizing the certification of a class of individuals detained for longer than six months pursuant to, *inter alia*, 8 U.S.C. § 1226(c), who are not and have not been detained pursuant to a national security detention statute and have not been afforded a hearing to determine whether their detention is justified); *Rodriguez v. Hayes*, 591 F. 3d 1105, 1126 (9th Cir. 2010) (reversing denial of class certification for aforementioned class).

### A.  The Class Is So Numerous that Joinder of All Members Is Impracticable.

The class of individuals who have been or will be detained by respondents in Massachusetts under 8 U.S.C. § 1226(c) for over six months satisfies the Rule 23(a)(1) requirement that the class be "so numerous that joinder of all its members is impracticable," particularly given that Mr. Reid seeks only declaratory and injunctive relief and is therefore subject to a "relaxation of the requirement of a rigorous demonstration of numerosity." *See McCuin v. Sec'y of Health & Human Servs.*, 817 F. 2d 161, 167 (1st Cir. 1987).

"Impracticability" for purposes of Rule 23(a)(1) does not mean impossibility but only "the difficulty or inconvenience of joining all members of the class." *See George v. Nat'l Water Main Cleaning Co.*, 286 F.R.D. 168, 173 (D. Mass. 2012). Rule 23(a)(1) does not set a specific

7

numerical threshold, although courts in this circuit have generally found that the requirement is satisfied by a class size of approximately forty or more. *See id.* at 173; *Sparkle Hill v. Interstate Mat Corp.*, CIV.A 11-10271-RWZ, 2012 WL 6589258, at *2 (D. Mass Dec. 18, 2012); *Shirokov v. Dunlap, Grubb & Weaver PLLC*, CIV.A 10-12043-GAO, 2013 WL 1223147, at *2 (D. Mass. Mar. 26, 2013). Petitioners need not exactly calculate the size of a class; instead, a court may draw "reasonable inferences from the facts to find an approximate number." *McCuin*, 817 F. 2d at 167; *see also Shirokov*, 2013 WL 1223147, at *2; *Tardiff v. Knox Cnty.*, 365 F.3d 1, 6 (1st Cir. 2004) (determination of class certification requires only an initial prediction, subject to future revision). Where, as here, Mr. Reid and other class members seek only declaratory and injunctive relief, the standard for satisfying Rule 23(a)(1) is relaxed still further. *See McCuin*, 817 F. 2d at 167; *Sueoka v. United States*, 101 F. App'x 649, 653 (9th Cir. 2004); Daniel R. Coquillette, et. al., 5 *Moore's Federal Practice* § 23.22[3][b] (3d ed. 2003).

Even setting aside the numerous future members of the proposed class and the lowered standard for suits seeking injunctive relief, the proposed class satisfies Rule 23(a)(1). Data provided by ICE for January 2011 through January 2012 confirms that, in that year, on any given day, under the most conservative estimate, an average of between 39 and 42 individuals, depending on the methodology used, have been detained pursuant to 8 U.S.C. § 1226(c) for over six months. *See* Declaration of Easha Anand, dated August 14, 2013, Exhibit A. Moreover, since that data was compiled, the average wait time for immigration court processing has only grown, meaning that the subset of the class comprised of presently detained individuals is likely even higher today. *See* Transactional Records Access Clearinghouse (TRAC), *Average Time Pending Cases Have Been Waiting in Immigration Courts as of July 2013*, Syracuse University (July 2013), http://trac.syr.edu/phptools/immigration/court_backlog/apprep_backlog.php.

When the entirety of the class is considered—counting not only those presently detained pursuant to 8 U.S.C. § 1226(c), but also those who will, in the future, be detained in accordance with the government's erroneous interpretation of that statute—the impracticability of joinder becomes even more apparent. *See, e.g.*, *Pederson v. La. State Univ.*, 213 F.3d 858, 868 n.11 (5th Cir. 2000); Alba Conte, et. al., 1 *Newberg on Class Actions* § 3:15 (5th ed. 2011).  Over the next several years, hundreds of individuals will be detained in Massachusetts for over six months pursuant to 8 U.S.C. § 1226(c). In each case, judges in the Hartford and Boston Immigration Courts have refused and will continue to refuse to grant individuals a bond hearing absent binding circuit court precedent, which the government avoids by refusing to appeal decisions like *Bourguignon*. Thus, when added to the roughly forty individuals presently comprising the proposed class, the hundreds of future members of the class establish the class's numerosity.

Even under a strict interpretation of Rule 23(a)(1), the hundreds of individuals who are or will be in mandatory ICE custody in Massachusetts pursuant to 8 U.S.C. § 1226(c) for more than six months satisfy the numerosity requirement for class certification. However, because Mr. Reid seeks only injunctive and declaratory relief, the numerosity requirements of Rule 23(a)(1) are relaxed. *See McCuin*, 817 F.2d at 167. The numerosity requirement is therefore met in this case.

### B.  There Are Common Questions of Both Law and Fact.

The proposed class shares the following questions: (1) whether the government has a policy or general practice of detaining non-citizens in removal proceedings for longer than six months under 8 U.S.C. § 1226(c) without providing an adequate hearing to determine whether such prolonged detention is justified; (2) whether 8 U.S.C. § 1226(c) authorizes this detention policy or practice notwithstanding this Court's previous rejection of ICE's interpretation of that statute; and (3) whether this detention policy or practice violates immigration statutes or the Due

Process or Excessive Bail Clauses.[1] Because the members of the proposed class suffer from the same legal injury—no-bond detention in excess of six months—and seek the same relief—a bond hearing—the commonality requirement of Rule 23(a)(2) is satisfied.

The commonality requirement of Rule 23(a)(2) is "a low bar." *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 522 F.3d 6, 19 (1st Cir. 2008). Class members' claims need not all be identical; a single question in common, either of law or of fact, will suffice. *See Martins v. 3PD*, CIV.A. 11-11313-DPW, 2013 WL 1320454, at *6-7 (D. Mass. Mar. 28, 2013); *George*, 286 F.R.D. at 174.

Here, despite the different facts that characterize class members' continuing detention, all members of the proposed class share a "sufficient constellation of legal issues" to bind them together. *See Waste Mgmt. Holdings v. Mowbray*, 208 F.3d 288, 296 (1st Cir. 2000); *see also Griffin v. Burns*, 570 F.2d 1065, 1073 (1st Cir. 1978); *Martins*, 2013 WL 1320454, at *6-7; *City of Bristol Pension Fund v. Vertex Pharmaceuticals*, CIV.A. 12-11654-FDS, 2012 WL 6681907, at *4 (D. Mass. Dec. 21, 2012). All class members are subject to no-bond detention in excess of six months pursuant to an unlawful application of 8 U.S.C. § 1226(c), and the resolution of either the erroneousness of the government's interpretation of 8 U.S.C. § 1226(c) or of the unconstitutionality of the government's policy would "resolve an issue that is central to the validity of each one of the claims in one stroke," as most recently required by the Supreme Court. *See Wal-Mart Stores v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

Notably absent from the list of common questions is the question of whether any individual class member will, in fact, be released on bond. The relief sought by Mr. Reid and the

---

[1] Answering this legal question affirmatively does not violate 8 U.S.C. § 1252(f)(1), which, by its plain text, forecloses only injunction or restraint of "the operation of" the relevant statutes. Mr. Reid seeks to enjoin a *misapplication* of § 1226(c), not to restrain its *lawful* operation. *Cf. Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946) (courts' equitable jurisdiction is to be recognized unless explicitly foreclosed by statutory language).

other class members is procedural: If this Court adopts the bright-line rule of *Rodriguez I*, each class member is entitled to a bond hearing. *See Rodriguez I*, 715 F.3d at 1139; *see, e.g.*, *Massachusetts v. EPA* 549 U.S. 497, 518 (2007) (plaintiffs may challenge unlawful procedures without having to demonstrate different substantive result). Alternatively, under *Bourguignon*, each class member is at the very least entitled to an individualized determination as to the reasonableness of his or her continued no-bond detention, in light of the factors identified by this court and others in this district. *See Bourguignon*, 667 F. Supp. 2d at 183.

Whether a class member is entitled to an individualized bond determination depends entirely on a single common fact—pre-final order detention without bond in excess of six months—and a single common question of law, namely the proper construction of 8 U.S.C. § 1226(c). *See Rodriguez I*, 715 F.3d at 1139; *Bourguignon*, 667 F. Supp. 2d at 180-84. Though some class members may be released subsequent to a bond hearing while others may remain in detention, this Court is not asked to perform that "individualized fact-finding" but instead to issue only the class-wide holding that an individualized determination by an IJ must take place for all class members. *See Edquist v. Bidz.com*, CIV.A. 09-11638-GAO, 2013 WL 1290130, at *1 (D. Mass. Mar. 29, 2013); *see also Rodriguez II*, No. 2:07-cv-03239-TJH-RNB at 5.

Requiring the government to abide by the holding of *Bourguignon* on a class-wide basis furthers the policy rationale of Rule 23(a)(2)—identifying cases where there is "a need for combined treatment." *See Faherty v. CVS Pharmacy*, 09-CV-12102, 2011 WL 810178, at *2 (D. Mass. Mar. 9, 2011) (citations omitted). Regardless of the outcome of the bond hearings held subsequent to the class action, a decision that 8 U.S.C. § 1226(c) requires such a hearing after six months would rectify the procedural injuries of all class members at once.

**C. The Claims of the Representative Petitioner Are Typical of the Claims of the Class as a Whole.**

11

Mr. Reid has been detained since November 13, 2012, and like other members of the class, his detention violates 8 U.S.C. § 1226(c) and the Due Process and Excessive Bail Clauses of the Constitution. His request for a bond hearing was denied by the IJ on the ground that the IJ lacked jurisdiction to consider the request per 8 U.S.C. § 1226(c). Thus, Mr. Reid's claims are "typical of the claims of the class" as a whole, satisfying Rule 23(a)(3).

Where commonality looks to the relationship among class members generally, typicality under 23(a)(3) focuses on the relationship between the proposed class representative and the rest of the class. *See George*, 286 F.R.D. at 176 (citing 1 William B. Rubenstein, *Newberg on Class Actions* § 3:26 (5th ed. 2012)). In any class action, the alignment between class representative and the rest of the class need not be perfect, *see Faherty*, 2011 WL 810178, at *2; class actions under 23(b)(2), like the present proposed one, may be still more "rough-hewn," *see Griffin*, 570 F.2d at 1073-74. Where a petitioner is the subject of the policy that the class seeks to vitiate, his or her claims are "obviously typical" and satisfy 23(a)(3). *See Baggett v. Ashe*, 11-CV-30223-MAP, 2013 WL 2302102, at *1 (D. Mass. May 23, 2013); *see also DeGrace v. Rumsfeld*, 614 F.2d 796, 811 (1st Cir. 1980) ("When the named representative's own claim transcends the individual and implicates a discrete…practice, the commonality . . . requirement[] of Fed. R. Civ. P. 23(a) may be satisfied."); *Lyons v. Citizens Fin. Grp.*, CIV.A. 11-11187-GAO, 2012 WL 5499878, at *3 (D. Mass. Nov. 9, 2012) (where class members share essential features, any member, including the lead petitioner, "would be essentially a typical representative of the class as a whole").

A class member will be entitled to a bond hearing (per *Rodriguez I*) or, in the alternative, an individual determination of the reasonableness of his or her continued no-bond detention (per *Bourguignon*) if he or she is being held pursuant to 8 U.S.C. § 1226(c) and if the detention

exceeds the "brief timeframe" contemplated in *Demore v. Kim*, 538 U.S. 510 (2003). *See Rodriguez I*, 715 F.3d at 1139; *Bourguignon*, 667 F. Supp. 2d at 183-84. Like the rest of the class members, Mr. Reid is being held pursuant to 8 U.S.C. § 1226(c) and has been held for over six months.

That Mr. Reid has other claims and defenses in his case does not defeat a finding of typicality unless those other claims and defenses will "consume the merits of the case." *Durmic v. J.P. Morgan Chase Bank*, 10-CV-10380-RGS, 2010 WL 5141359, at *4 (D. Mass. Dec. 10, 2010). Mr. Reid, like other members of the class he proposes to represent, is contesting his *removal* on a number of grounds. However, Mr. Reid's additional claims and defenses do not apply to his ongoing *detention*. Thus, Mr. Reid's additional claims will not "consume the merits of" the class action, as they will not be relevant to the questions before this Court.[2]

In sum, Mr. Reid satisfies the Rule 23(a)(3) requirement of typicality, and this motion for class certification should be granted.

### D.  The Representative Petitioner Will Fairly and Adequately Protect the Interests of the Class.

Class certification is also appropriate where, as here, the named representative petitioner will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To meet the adequacy requirement of Rule 23(a)(4), "[t]he moving party must show first that the interests of the representative party will not conflict with the interests of the class members, and second, that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation." *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir.1985).

---

[2] Mr. Reid is also individually seeking relief for being shackled during immigration proceedings. Petition and Complaint at ¶ 106-111, *Reid v. Donelan*, No. 3:13-cv-30125-MAP (D. Mass. filed July 1, 2013). This claim for relief is not included among the claims of the class he is seeking to certify here.

In this case, there are no conflicts between the interests of the lead petitioner and other class members. As discussed above, *supra* Section II.C, Mr. Reid seeks precisely the same relief as the class as a whole—an opportunity to receive the individualized bond hearing to which he is lawfully entitled under 8 U.S.C. § 1226(c). Mr. Reid and the rest of the class have an identical interest in preventing the government from detaining them in prolonged no-bond detention pursuant to an unauthorized statutory interpretation.

Mr. Reid has retained adequate counsel to represent the class. Counsel are expert in immigration and constitutional law, complex federal civil rights litigation, and habeas corpus actions, and have experience as lead counsel in both representative habeas and Rule 23 class actions. They have the motivation and resources to vigorously litigate this case. Moreover, as explained in detail below, *infra* Section III, counsel satisfy all of the requirements enumerated in Rule 23(g) for appointment as class counsel. Accordingly, the adequacy requirements of Rule 23(a)(4) are satisfied.

### E.   Class Certification Is Appropriate under Rule 23(b)(2).

In addition to satisfying the requirements of Rule 23(a), the proposed class here satisfies Rule 23(b)(2), which requires a showing that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." The class satisfies both of Rule 23(b)(2)'s two enumerated prongs. First, defendants have acted or refused to act on grounds generally applicable to all members of the class. Second, the relief sought is injunctive and declaratory in nature.

As discussed, the government policies that Mr. Reid challenges—the prolonged no-bond detention of individuals pursuant to an interpretation of 8 U.S.C. § 1226(c) that this Court and

many others have determined is unlawful—apply to all class members simply by virtue of their designation as individuals who have been detained for more than six months under 8 U.S.C. § 1226(c), or in the alternative, who have been detained for more than six months and whose continued detention is unreasonable in light of the factors previously identified by this and other courts in this judicial district, without regard to the individual circumstances of their cases or any other differences among them. It is plain, therefore, that the government has "acted . . . on grounds generally applicable to the class." Fed. R. Civ. P. 23(b)(2). Indeed, civil rights actions such as this one, which challenge government policies that target a particular class of people, are prototypical (b)(2) class actions. *See Wal-Mart,* 131 S.Ct. at 2557 ("As we observed in *Amchem,* '[c]ivil rights cases against parties charged with unlawful, class-based discrimination are prime examples' of what (b)(2) is meant to capture.") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997)); *Yaffe v. Powers*, 454 F. 2d 1362, 1366 (1st Cir. 1972) (noting that (b)(2) is "uniquely suited to civil rights actions").

Moreover, with regard to the class claims, class members do not seek any "individualized" relief, such as damages, whatsoever. *See Wal-Mart*, 131 S.Ct. at 2558 (holding that "[p]ermitting the combination of individualized and classwide relief in a (b)(2) class is . . . inconsistent with the structure of Rule 23(b)"). As discussed above, class members seek only an order declaring that their prolonged mandatory detention is unlawful and a bond hearing. They do not seek an individualized determination of whether they are qualified for bond but only an opportunity to be given the government's legal basis for detaining them and to contest that basis. Such determinations are not the subject of this lawsuit and will not be made by this Court.

The second requirement of Rule 23(b)(2)—that the relief sought be injunctive or declaratory in nature—attempts to ensure the legality of a defendant's behavior with respect to

an entire class. *See* Advisory Committee's Note to the 1966 Amendment to Rule 23. Class

certification under Rule 23(b)(2) does not require that the party opposing the class has acted in a

manner that is directed at or damaging to each and every class member. Rule 23(b)(2)'s focus on

the defendants' conduct "means that '[a]ction or inaction is directed to a class within the

meaning of this subdivision even if it has taken effect or is threatened only as to one or a few

members of the class, provided it is based on grounds which have general application to the

class.'" *In re New Motor Vehicles Canadian Export*, 2006 WL 623591 at *6 (D. Maine, March

10, 2006) (quoting Rule 23(b)(2) Advisory Committee Notes (1966 Rule Amendment)). Most

recently, the Supreme Court reiterated this rationale for (b)(2) class actions, stating in *Wal-Mart*

that "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide

relief to each member of the class. It does not authorize class certification when each individual

class member would be entitled to a different injunction or declaratory judgment against the

defendant." 131 S.Ct. at 2557.

In this case, the proposed class seeks only declaratory and injunctive relief. This relief

would resolve the claims of each and every class member with respect to the unlawfulness of

their no-bond detention and would provide them with an appropriate remedy. Because the

proposed class accordingly satisfies all necessary requirements for certification under Rule 23(a)

and Rule 23(b)(2), Mr. Reid respectfully requests that this Court certify the class, designate him

as class representative, and appoint his counsel as class counsel pursuant to Rule 23(g).

## III.    THIS COURT SHOULD APPOINT UNDERSIGNED COUNSEL AS CLASS COUNSEL.

Under Rule 23(g)(1), "a court that certifies a class must appoint class counsel." In

appointing class counsel, the court must consider four factors set out in Rule 23(g)(1)(A):

> i.    the work counsel has done in identifying or investigating potential claims in the action;
> ii.   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> iii.  counsel's knowledge of the applicable law; and
> iv.   the resources that counsel will commit to representing the class.

Attorneys and law student interns of the Jerome N. Frank Legal Services Organization have done considerable work "identifying or investigating potential claims in the action," having previously litigated habeas challenges to prolonged detention under 8 U.S.C. § 1226 (c), including in this Court. *See, e.g.*, *Bourguignon*, 667 F. Supp. 2d 175; *Hyppolite v. Enzer*, 2007 WL 1794096 (D. Conn. June 19, 2007) (securing grant of habeas corpus relief for client detained pursuant to 8 U.S.C. § 1226(c) for over 15 months without bond); as co-counsel, *see Zabadi v. Chertoff*, No. C 05-03335 WHA, 2005 WL 3157377 (N.D. Cal. Nov. 22, 2005) (securing grant of habeas corpus relief for client in immigration detention); *Zabadi v. Chertoff* , No. C 05-01796 WHA, 2005 WL 1514122 (N.D. Cal. June 17, 2005) (same); *see also* Brief for Law Faculty as Amici Curiae Supporting Respondent, *Demore v. Kim*, 538 U.S. 510 (2003) (No. 01-1491). Co-counsel Muneer Ahmad and Michael Wishnie have litigated a representative habeas action, *Brizuela v. Feliciano*, No. 3:13-cv-226-JBA (D.Conn. filed Feb. 13, 2012) as co-lead counsel, and Mr. Wishnie is lead counsel on another pending proposed Rule 23 class action, *Shepherd v. McHugh*, No. 3:11-cv-641-AWT (D.Conn. filed Dec. 3, 2012).  As discussed above, *supra* Section II.D, Mr. Reid's counsel have extensive experience with law students litigating complex federal civil rights and immigrant rights cases as lead counsel, *see, e.g.*, *Doe v. United States*, No. 13-cv-2802 (S.D.N.Y. filed Apr. 26, 2013); *Barrera v. Boughton*, No. 3:07-cv-1436-RNC, 2010 WL 1240904 (D.Conn. Mar. 19, 2010); *Diaz-Bernal v. Meyers*, 758 F.Supp.2d 106 (D.Conn. 2010); *Families for Freedom v. Napolitano*, 628 F.Supp.2d 535 (S.D.N.Y. 2009); *El Badrawi v. Department of Homeland Sec.*, 579 F.Supp.2d 249 (D.Conn. 2008), and as co-counsel, *see, e.g.*,

17

*Ashcroft v. Al-Kidd*, 131 S.Ct. 2074 (2011); *Tabbaa v. Chertoff*, 509 F.3d 89 (2d Cir. 2007);

*Chacon v. East Haven Police Dept.*, No. 3:10-cv-1692-JBA, 2011 WL 3889249 (D.Conn. Sept.

2, 2011); *Al-Kidd v. Gonzalez*, No. 1:05-cv-093-EJL-MHW, 2012 WL 4470776 (D. Idaho Sept.

27, 2012), and as well as complex immigration cases, *see, e.g.*, *Hinojosa Garcia v. Holder*, No.

13-1620 (2d Cir. filed Apr. 29, 2013); *Thiersaint v. Holder*, 464 Fed.Appx. 16 (2d Cir. 2012);

*Pierre v. Holder*, No. 10-2131(2d Cir. filed May 26, 2010); *Maldonado v. Holder*, No. 10-3259

(2d Cir. filed Aug. 12, 2010); *Garcia-Gahona v. Mukasey*, 298 Fed.Appx.93 (2d. Cir. 2008).

Lastly, undersigned counsel have already devoted significant resources to maintaining this

litigation, as evidenced by the staffing of this case with three experienced attorneys supervising

the work of multiple law student interns, and will continue to do so.

## IV.     IN THE ALTERNATIVE, THIS COURT SHOULD ORDER PRE-CERTIFICATION DISCOVERY.

In the event the Court concludes that Mr. Reid has made an insufficient showing as to

any requirement for certification as a representative habeas or for class certification pursuant to

Rule 23, then Petitioner respectfully requests leave to take pre-certification discovery on

whichever requirement the Court considers unsatisfied. *See N.O. v. Callahan*, 110 F.R.D. 637,

645 (D. Mass 1986) (observing that "plaintiffs are entitled to conduct discovery concerning the

class which they seek to certify"); *Yaffe v. Powers*, 454 F.2d 1362, 1367 (1st Cir. 1972). For

instance, if the Court concludes that Mr. Reid has failed to demonstrate numerosity as required

by Rule 23(a)(1), then he requests leave to take discovery regarding the number of individuals

detained by ICE currently, or in the recent past, pursuant to 8 U.S.C. § 1226(c) for more than six

months in Massachusetts. Or, by way of another example, if the Court were to conclude that Mr.

Reid has failed to adequately demonstrate a likelihood that the members of the proposed

representative habeas class could not otherwise obtain the relief sought in this action, then he requests leave to take discovery regarding class members' ability to access legal representation.

## **CONCLUSION**

For the foregoing reasons, Petitioner Mark Reid respectfully requests that the Court certify a class of all individuals in Massachusetts who have been or will be detained for more than six months pursuant to 8 U.S.C. § 1226(c), appoint Mr. Reid as class representative, and appoint undersigned counsel as class counsel.

Date: August 15, 2013

Respectfully submitted,

_____/s/ Nicole Hallett_____
A. Nicole Hallett, Supervising Attorney
Yale Law School
P.O. Box 209090
New Haven, CT 06520
Phone: (203) 432-4800

Easha Anand, Law Student Intern
Tassity Johnson, Law Graduate Intern
Muneer I. Ahmad, Supervising Attorney
Michael J. Wishnie, Supervising Attorney
Jerome N. Frank Legal Services Organization
Yale Law School
P.O. Box 209090
New Haven, CT 06520
Phone: (203) 432-4800
Fax: (203) 432-1426

*Counsel for Mark A. Reid*