UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK ANTHONY REID, on behalf of himself and others similarly situated, Plaintiff/Petitioner | ) ) ) ) ) ) |
| v. | ) C.A. NO. 13-cv-30125-MAP ) |
| CHRISTOPHER DONELAN, Sheriff of Franklin County, et al. Defendants/Respondents | ) ) ) |

MEMORANDUM AND ORDER REGARDING
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
(Dkt. No. 33)

February 10, 2014

PONSOR, U.S.D.J.

## I.   INTRODUCTION

Plaintiff, a lawful permanent resident, has been held in immigration detention pursuant to 8 U.S.C. § 1226(c) without an opportunity for release on bail.  He has brought a motion seeking to certify a class of all individuals who are or will be detained within the Commonwealth of Massachusetts pursuant to § 1226(c) for over six months and are not provided an individualized bond hearing.  (Dkt. No.

33.)  Defendants, a number of state and federal government
agents, oppose the motion.  Because the four requirements of
Fed. R. Civ. P. 23(a) are satisfied, and because the
proposed class falls squarely into Rule 23(b)(2), the court
will allow Plaintiff's motion.

## II.  BACKGROUND

The detailed facts underlying this litigation are well
documented in the court's recent Memorandum and Order
Regarding Plaintiff's Petition for Habeas Corpus and
Plaintiff's Motion for Order to Show Cause.  Reid v.
Donelan, --F. Supp. 2d--, 2014 WL 105026 (D. Mass. Jan. 9,
2014).

To briefly summarize, in November 2012, the state of
Connecticut released Plaintiff from criminal custody, and
Immigrations and Customs Enforcement (ICE) immediately
detained him.  The government invoked § 1226(c), a statute
that permits the detention of certain aliens without an
opportunity for release on bail, to justify Plaintiff's
fourteen-month detention.

Plaintiff brought this case, relying on Bourguignon v.
MacDonald, 667 F. Supp. 2d 175 (D. Mass. 2009), to argue

that Defendants may only detain an individual without an

individualized bond hearing for a "reasonable" period of

time.  Once that threshold is crossed, the government must

provide the detainee with an opportunity to argue for his or

her release.  This opportunity, of course, will not make

actual release inevitable, or even necessarily likely.

On August 15, 2013, Plaintiff filed the pending Motion

for Class Certification.  Counsel argued the class issue in

tandem with Plaintiff's habeas petition on December 12,

2013, and the court took both matters under advisement.

On January 9, 2014, the court granted Plaintiff's

individual Petition for Habeas Corpus. (Dkt. No. 80.)[1]

Relying on the Supreme Court's decisions in Zadvydas v.

Davis, 533 U.S. 678 (2001), and Demore v. Kim, 538 U.S. 510

(2003), the Ninth Circuit's opinion in Rodriguez v. Robbins,

715 F.3d 1127 (9th Cir. 2013), and its prior decision in

Bourguignon, the court concluded that a "reasonableness"

limit does exist in the statute.  Furthermore, it determined

that six months is the ceiling for detention absent

_____

[1] Plaintiff's bond hearing, pursuant to the order, occurred
on February 3, 2014.  (Dkt. No. 91.)  The Immigration Judge
granted Plaintiff's request for bond and set a number of
conditions of release.

individualized consideration, since any holding beyond that time would be "presumptively unreasonable."

The court is now tasked with determining whether class treatment is appropriate.

### III.   DISCUSSION

In order to sustain a suit under Fed. R. Civ. P. 23, Plaintiff must satisfy the four requirements of Rule 23(a) and show that the proposed class falls into a Rule 23(b) category.  Plaintiff's attorneys also request certification as class counsel and thus must meet the demands of Rule 23(g).[2]

### A.   Rule 23(a)

Plaintiff's first obstacle, Rule 23(a), is composed of four elements.  The rule requires that: (1) the class is so numerous that joinder of all members is impracticable; (2) questions of law or fact common to the class exist; (3) the

---

[2] Plaintiff also believes that the class can be certified as a "representative habeas action" pursuant to U.S. ex rel. Sero v. Preiser, 506 F.2d 1115 (2d Cir. 1974).  Since the Rule 23 requirements are satisfied, only limited discussion on this point is required.  The keys to the Sero analysis are, in essence, commonality, numerosity, and considerations of judicial economy.  The Rule 23 analysis overlaps significantly with Sero, and therefore the reasons justifying class treatment in this decision are equally applicable to that analysis.

claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Rule 23(a).  Plaintiff bears the burden of establishing each requirement, In re Eaton Vance Corp. Sec. Litig., 219 F.R.D. 38, 43 (D. Mass. 2003), and the court must engage in a "rigorous analysis" to discern whether that burden is met.  Wal-Mart Stores v. Dukes, 131 S.Ct. 2541, 2551 (2011).  Each factor will be addressed independently below.

    1.  Numerosity

    Initially, class certification must be "so numerous that joinder of all its members is impracticable."  Rule 23(a)(1).  Numerosity involves a class-specific inquiry, Gen. Tel. Co. v. EEOC, 446 U.S. 318, 330 (1980), and requires more than mere speculation.  See Marcus v. BMW of No. Am., LLC, 687 F.3d 583, 596-97 (3d Cir. 2012).  Although no specific threshold exists, a class size of forty or more will generally suffice in the First Circuit.  See George v. Nat'l Water Main Cleaning Co., 286 F.R.D. 168, 173 (D. Mass. 2012).  A plaintiff need not provide a precise number, as a

court may draw "reasonable inferences from the facts presented to find the requisite numersoity." <u>McCuin v. Sec'y of Health & Human Servs.</u>, 817 F.2d 161, 167 (1st Cir. 1987). Moreover, the threshold may be relaxed when a party seeks only declaratory or injunctive relief, since the inclusion of future members increases the impracticability of joinder. <u>Id.</u>

Here, Plaintiff successfully demonstrates that the proposed class meets the forty-person threshold and, more importantly, that joinder is impracticable. Plaintiff presents data provided by ICE listing the individuals held in Massachusetts for over six months pursuant to § 1226(c). (List of Individuals Detained, Dkt. No. 34, Ex. 3) At any given time in the year provided, January 2011 to January 2012, there were between 39 and 42 members of the proposed class. Although Defendants believe that this estimate is outdated and over-inclusive, two factors suggest that the precise number is actually higher.

First, an influx of future members will continue to populate the class. Despite numerous court decisions ruling against Defendants, <u>see</u>, <u>e.g.</u>, <u>Ortega v. Hodgson</u>, No. 11-cv-

10358-MBB, 2011 WL 4103138 (D. Mass. Sept. 13, 2011);

Flores-Powell v. Chadbourne, 677 F. Supp. 2d 455 (D. Mass.

2010); Sengkeo v. Horgan, 670 F. Supp. 2d 116 (D. Mass.

2009), the government has remained steadfast to its dubious

interpretation of § 1226(c).  This has coincided with the

government's expanded focus on detaining criminal-aliens and

prolonged delays in immigration litigation.  See

Transactional Records Access Clearinghouse (TRAC), Average

Time Pending Cases Have Been Waiting in Immigration Courts

as of December 2013, Syracuse University (Dec. 2013),

http://trac.syr.edu/phptools/immigration/court_backlog/

apprep_backlog_avgdays.php.  As a result, increasing numbers

of individuals are held pursuant to this statute beyond six

months, but are not provided an individualized bond hearing.

　　　The potential inclusion of these currently uncountable,

future class members not only increases the number beyond

forty, but also illustrates the transient nature of the

proposed class.  Unforeseen members will join the class at

indeterminate points in the future, making joinder

impossible.  See William B. Rubenstein, Newberg on Class

Actions § 3.15 (5th ed. 2013)(noting that the inclusion of

future members "may make class certification more, not less, likely").  The estimate of 39 to 42 is merely the floor for this numerosity inquiry when inevitable future members are taken into consideration.

Plaintiff's estimate is also conservative since the class members in this case, including those currently in detention, are not easily identifiable.  Members are located in four facilities across the Commonwealth and are housed among individuals held under a variety of statutory provisions, for distinct periods of time.  As the court noted previously, many do not speak English, a majority do not have counsel, and most are unlikely even to know that they are members of the proposed class.  See Reid, 2014 WL 105026, at *5.  To expect Plaintiff to find every class member across Massachusetts and join each one in this suit is unreasonable under such circumstances.

Thus, since the number of current and future class members is beyond the forty-person threshold, and because joinder is impracticable in this case, the proposed class meets the first Rule 23(a) requirement.

2.   Commonality

The second element of Rule 23(a) is the existence of a question of law or fact common to the class.  Rule 23(a)(2). The key to commonality is that the truth or falsity of a question "will resolve an issue that is central to the validity of each one of the claims in one stroke."  <u>Wal-Mart Stores</u>, 131 S.Ct. at 2551.  A plaintiff need only establish "a single common question" to satisfy this requirement.  <u>Id.</u> at 2256.

Although Plaintiff presents a single question of law that hovers over the entire case -- namely, whether § 1226(c) requires a bond hearing after an unreasonable period of detention -- Defendants argue that commonality is lacking for two reasons.  First, § 1226(c) permits detention for a variety of legal and factual reasons.  Members of the proposed class have committed significantly different crimes, ranging from those involving moral turpitude to acts of terrorism.  Moreover, the dispositions of the potential class members' criminal cases may vary: some may be convicted of the crime charged, while others may be subject to detention absent any conviction.  This variety, in Defendants' view, undermines any finding of commonality.

Second, Defendants say, <u>even</u> <u>if</u> a reasonableness requirement is embedded in the statute, it necessarily requires a fact-specific inquiry as to whether an individual's detention is "unreasonable."  See <u>Diop v. ICE/Homeland Sec.</u>, 656 F.3d 221, 234 (3d Cir. 2011); <u>Ly v. Hansen</u>, 351 F.3d 263, 273 (6th Cir. 2003).  The question of whether a reasonableness limit exists is only part of the analysis and, therefore, fails to resolve the claims of the entire class.

These arguments cannot withstand scrutiny.  The distinctions Defendants highlight, particularly the varied criminal histories across the class, are irrelevant to the court's ruling on the issue of class certification.  The question raised by this litigation is <u>not</u> whether any individual detainee is entitled to release on bail -- a question that is certainly impacted by the factual differences asserted.  Instead, the sole question here is whether an individual detainee has a due process right to <u>argue</u> for such release.  That question is one purely of law, resolvable irrespective of the distinctions identified by Defendants.

Defendants' second contention, though ultimately flawed, strikes at the heart of the commonality analysis: does the inclusion of a "reasonableness" limit in § 1226(c) ensure class-wide relief, or does a remedy hinge on individual considerations?  Given the prior order on Plaintiff's individual habeas petition, which addressed that very question, it would be artificial for the court to approach this inquiry as though it were writing on a clean slate.  Indeed, the Supreme Court has opined on the permissibility of courts' examining the merits of a case, if necessary, at this stage of the analysis.  As the Court said,

> Repeatedly, we have emphasized that it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question, and that certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.  Such an analysis will frequently entail overlap with the merits of the plaintiff's underlying claims.  That is so because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.

Comcast Corp. v. Behrend, 133 S.Ct. 1426, 1432 (2013) (internal citations and quotations omitted).

In analyzing Plaintiff's individual petition, this court deemed the Ninth Circuit's six-month approach as most compatible with Supreme Court precedent, due process considerations, and administrative constraints. Reid, 2014 WL 105026, at *4-6. Thus, in interpreting § 1226(c), the court not only found a reasonableness limit in the statute, but determined that the limit resided at the six-month date. Id. Since that interpretation, if applied to the entire class, resolves the claim of every member, the commonality metric is certainly met.

Even if the commonality query presented itself in a vacuum, one where the individual habeas petition was still pending, the court need only re-frame the question to illustrate the clarity of commonality. As the Ninth Circuit said, the question is simply: "May an individual be detained for over six months without a bond hearing under a statute that does not explicitly authorize detention for longer than that time without generating serious constitutional concerns?" Rodriguez v. Hayes, 591 F.3d 1105, 1123 (9th Cir. 2009). Accordingly, were the court to answer affirmatively and, therefore, agree with Defendants that

individual determinations <u>were</u> required, that answer would still resolve the entire case.  That is, even if Defendants offered the correct interpretation of the statute, they would still be providing an answer to a common question of law.

Therefore, since the answer to a single, legal question disposes of the claims of the entire class, Plaintiff satisfies the commonality metric.

3.   <u>Typicality</u>

The third requirement under Rule 23(a) is that the claims of the class representative must be typical of the other class members.  Rule 23(a)(3).  "[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members."  <u>Gen. Tel. Co. of Sw. v. Falcon</u>, 457 U.S. 147, 156 (1982)(citations and internal quotation marks omitted).  Although the analysis of commonality and typicality "tend to merge," <u>id.</u> at 157 n.13, they are different concepts warranting distinct examinations.  <u>See</u> <u>Connor B. ex rel.</u> <u>Vigurs v. Patrick</u>, 272 F.R.D. 288, 293 (D. Mass. 2011).  "[C]ommonality evaluates the sufficiency of the class itself

while typicality evaluates the sufficiency of the named plaintiff." Id. (internal quotations omitted), quoting Hassine v. Jeffes, 846 F.2d 169, 177 n.4 (3d Cir. 1988).

Defendants, recognizing this overlap, simply apply their commonality discussion to the typicality analysis. For the same reasons those arguments were rejected before, they are unavailing in this context.  Simply put, no possibility exists that an individual claim or factual difference will "consume the merits" of this class action. Durmic v. J.P. Morgan Chase Bank, 10-cv-10380-RGS, 2010 WL 5141359, at *4 (D. Mass. Dec. 10, 2010).

Plaintiff presents the same, single question of law as his fellow class members.  He seeks the same remedy –– an individualized bond hearing -- as everyone else.  No serious objection to typicality can be offered under these circumstances.

    4.  Adequacy

The final Rule 23(a) requirement is that the class representative must be one who will "fairly and adequately protect the interests of the class."  Rule 23(a)(4).  This requires the party to show "first that the interests of the

representative party will not conflict with the interests of any of the class members, and second, that counsel chosen by the representative party is qualified, experienced, and able to vigorously conduct the proposed litigation." Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (1st Cir. 1985).

Defendants provide two arguments to attack Plaintiff's status as an adequate representative. First, the list of potential class members presented by Plaintiff includes detainees with final orders of removal. Such aliens, Defendants posit, are clearly distinct.

Second, the legal and factual differences, discussed previously, will require each party to present his or her claim differently. Each individual litigant will need to make different strategic decisions respecting his or her case. Given this individualized need, any class member would be an unsuitable representative for any other.

Defendants' first concern is easily assuaged. The class requested, and being certified, only includes those individuals held under § 1226(c) beyond the six-month mark.

Any individual held under a different statute is simply not, for the time being at least, part of this class.[3]

Defendants' second contention suffers from the same flaws as their commonality and typicality arguments.  The differences they allege speak to the outcome of the bond hearing -- release on bail -- and not whether a bond hearing is required in the first place.  Factual differences may indeed yield different outcomes at individual bond determinations.  But, in this case, every member is seeking the same remedy -- the hearing itself, whatever its outcome -- based on an identical theory.  Plaintiff's interests are coextensive with the class, and he is therefore an adequate class representative.

The fact that the court decided Plaintiff's habeas petition before the class certification motion does not pose a problem in the adequacy analysis.  First, the "inherently transitory" exception to the mootness doctrine was designed for precisely this situation.  In Gerstein v. Pugh, 420 U.S.

---

[3] Plaintiff does point out that an individual may be held under one statute but, due to the nature of his or her immigration litigation, later held under § 1226(c).  At the point such individuals have been held under § 1226(c) for six months, they will become members of the class.

103 (1975), the Supreme Court held that the decision regarding a named representative's pretrial detention <u>before</u> the decision on the class certification motion did not moot the entire case.  <u>Id.</u>, at 110 n.11.  Instead, the court said, "[I]t is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify a class."  <u>Id.</u>

Here, it is not clear how long any given individual will be held and, therefore, whether anyone would be subject to detention long enough for the court to certify a class. This is particularly true since any potential class representative would have the right to seek immediate relief through an individual habeas petition.

Moreover, Plaintiff retains a continuing interest in this case.  In filing an individual motion <u>and</u> a motion for class certification, Plaintiff brings two separate claims: a claim that he is entitled to relief <u>and</u> a claim that he is entitled to represent a class.  <u>See</u> <u>U.S. Parole Comm'n v. Geraghty</u>, 445 U.S. 388, 400 (1980)(finding that a class representative can appeal the denial of class certification, despite the fact that his individual petition became moot).

Although the First Circuit has not determined whether this applies when an individual's claim becomes moot before a class is certified, the Third Circuit has allowed a plaintiff to continue as a class representative in such a context.  <u>Wilkerson v. Bowen</u>, 828 F.2d 117, 121 (3d Cir. 1987).  It would be anomalous to remove a plaintiff from a case where he files both motions within the same period of time, simply because the court moves expeditiously to provide individual relief.[4]

Plaintiff has also more than met his burden to demonstrate the adequacy of class counsel.  Plaintiff's counsel -- supervising attorneys and law student interns of the Jerome N. Frank Legal Services Organization at Yale Law School -- have experience in immigration and constitutional law, civil rights litigation, and habeas corpus actions.  In fact, they have previously litigated similar § 1226(c) challenges in the federal courts.  <u>See</u>, <u>e.g.</u>, <u>Bourguignon</u>, 667 F. Supp. 2d 175; <u>Hyppolite v. Enzer</u>, 2007 WL 1794096 (D. Conn. June 19, 2007).  Counsel also has experience managing

---

[4] Although Plaintiff remains an adequate representative of the class, the court will consider a motion to amend the complaint to include additional class representatives.

class actions.  See Brizuela v. Feliciano, No. 3:13-cv-226-
JBA (D. Conn. filed Feb. 13, 2012); Shepherd v. McHugh, No.
3:11-cv-641-AWT (D. Conn. filed Dec. 3, 2012).  The adequacy
of counsel is made even clearer when examining the Rule
23(g) requirements below.

Rule 23(a) is the essence of a class certification
analysis.  In satisfying the four requirements of Rule
23(a), Plaintiff has successfully cleared the first and most
important hurdle.

B.  Rule 23(b)

In addition to meeting the four requirements of Rule
23(a), Plaintiff must show that the proposed class falls
into one of the three defined categories of Rule 23(b).  The
most applicable here is Rule 23(b)(2), which requires a
showing that "the party opposing the class has acted or
refused to act on grounds generally applicable to the class,
so that final injunctive relief or corresponding declaratory
relief is appropriate with respect to the class as a whole."

Defendants again assert that individual differences
among the potential class members preclude their eligibility
under this rule.  The government, in its view, does not
treat all § 1226(c) detainees alike.  Instead, it makes

different determinations related to detention based on
individual factors.  Notably, the government does not
specify how it considers individual characteristics nor,
crucially, does it contend that it provides bond hearings to
any § 1226(c) detainees regardless of these characteristics.

    Defendants also believe that 8 U.S.C. § 1252(f)(1) bars
this court from granting class-wide injunctive or
declaratory relief, thus making certification under Rule
23(b)(2) inappropriate.  That statute provides that no court
"shall have jurisdiction or authority to enjoin or restrain
the operation of the provisions of [8 U.S.C. §§ 1221-1231] .
. . other than with respect to the application of such
provisions to an individual alien against whom proceedings
under such part have been initiated."  8 U.S.C. §
1252(f)(1).

    Despite Defendants' arguments, the proposed class fits
neatly into Rule 23(b)(2).  First, Defendants have acted, or
refused to act, on grounds generally applicable to all
members of the class.  In fact, civil rights actions like
this one, where a party charges that another has engaged in
unlawful behavior towards a defined group, are "prime

examples" of Rule 23(b)(2) classes.  <u>Amchem Prods., Inc. v.</u>
<u>Windsor</u>, 521 U.S. 591, 614 (1997).

Here, it is undisputed that Defendants refuse to
provide <u>any</u> of the class members with an individualized bond
hearing.  Despite alleged differences, members of the class
have all been treated identically with respect to the
opportunity to argue for release on bail.  Defendants have
thus consistently and, in the court's view, incorrectly
applied § 1226(c) to the entire class.

Second, Plaintiff seeks a single injunction or a single
declaratory judgment -- specifically, an order that §
1226(c) must be read as providing an individualized bond
hearing after six months of detention.  He does not request
any damages that have the potential to muddy the analysis.
As the Supreme Court has recently made clear,

> Rule 23(b)(2) applies only when a single
> injunction or declaratory judgment would provide
> relief to each member of the class.  It does not
> authorize class certification when each individual
> class member would be entitled to a <u>different</u>
> injunction or declaratory judgment against the
> defendant.  Similarly, it does not authorize class
> certification when each class member would be
> entitled to an individualized award of monetary
> damages.

<u>Wal-Mart</u>, 131 S.Ct. at 2557.  Critically, the entire class
seeks the same remedy, placing it firmly in the Rule
23(b)(2) category.

Defendants' final argument respecting § 1252(f)(1) is
also fruitless.  At a minimum, class-wide declaratory relief
is available.[5] Equitable relief may only be restricted by
"clear and valid legislative command," or "by a necessary
and inescapable inference."  <u>Porter v. Warner Holding Co.</u>,
328 U.S. 395, 398 (1946).  Since injunctive and declaratory
relief are distinct, <u>see</u> <u>Steffel v. Thompson</u>, 415 U.S. 452,
471 (1974), the statute, by its own terms, does not
proscribe a class-wide declaratory remedy.

This conclusion is augmented by the First Circuit's
interpretation of § 1252(f)(1).  In <u>Arevalo v. Ashcroft</u>, 344
F.3d 1 (1st Cir. 2003), the court probed the language of the
clause and gave meaning to both operative terms.
Specifically, it found that "restrain" meant something
different from "enjoin" -- the former referring to a

---

[5] The court is confident, at this stage of the litigation,
to say that class-wide declaratory relief is permissible.
However, since that question also speaks to whether
Plaintiff can obtain a class-wide remedy, this conclusion is
subject to reconsideration at a later phase of the
proceedings.

temporary injunction and the latter indicating a permanent injunction.  Id.  at 1013.  In doing so, the First Circuit defined each key term in § 1252(f)(1), yet did not construe either as "declaratory relief."

Finally, persuasive authority recognizing the utility of class treatment in this circumstance further justifies the court's conclusion.  See Hayes, 591 F.3d at 1119; Alli v. Decker, 650 F.3d 1007 (3d Cir. 2011).  As the Third Circuit said, "[A]llowing class-wide declaratory relief would facilitate the Supreme Court review that Congress apparently intended."  Alli, 650 F.3d at 1016 (internal quotation marks omitted).  As a result, the class can, at a minimum, seek declaratory relief, and therefore certification as a Rule 23(b)(2) class is appropriate.[6]

Plaintiff has successfully shown that the class falls squarely into Rule 23(b)(2) and that class treatment is appropriate.

C.   Rule 23(g)

---

[6] Whether the class can obtain injunctive, rather than simply declaratory, relief may require a more searching analysis at some point in the future.  However, since some type of class relief is clearly available, that thornier question need not be addressed at the current juncture.

The final consideration is whether class counsel can be certified under Rule 23(g).  Here, four factors are relevant:

> (I) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Rule 23(g)(1)(A).  Counsel must also "fairly and adequately represent the interests of the class."  Rule 23(g)(4)

Plaintiff's counsel easily meet these requirements. Class counsel have done considerable work identifying and investigating the potential claims in this action. Furthermore, co-counsel Muneer Ahmad and Michael Wishnie have litigated representative habeas actions before, and they have experience in Rule 23 class actions.  See Shepherd v. McHugh, No. 3:11-cv-641-AWT (D. Conn. filed Dec. 3, 2012); Brizuela v. Feliciano, No. 3:13-cv-226-JBA (D. Conn. filed Feb. 13, 2012).  Counsel have also done extensive work litigating complex federal civil rights and immigrant rights cases.  See Doe v. United States, No. 13-cv-2802 (S.D.N.Y. filed Apr. 26, 2013); Barrera v. Boughton, No. 3:07-cv-1436-

RNC, 2010 WL 1240904 (D. Conn. Mar. 19, 2010); <u>Diaz-Bernal</u>
<u>v. Meyers</u>, 758 F. Supp. 2d 106 (D. Conn. 2010); <u>Families for</u>
<u>Freedom v. Napolitano</u>, 628 F. Supp. 2d 535 (S.D.N.Y. 2009);
<u>El Badrawi v. Dep't of Homeland Sec.</u>, 579 F. Supp. 2d 249
(D. Conn. 2008).  Finally, counsel have already devoted
significant resources to this case, and no evidence suggests
that their level of commitment will diminish.  No cogent
argument can be made that Plaintiff's counsel do not satisfy
the relevant requirements or, as discussed previously, that
counsel cannot adequately represent the interests of the
class.

Ultimately, Plaintiff has shown that this is precisely
the type of case that <u>should</u> move forward as a class action.
As a result, class certification is appropriate.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion for Class
Certification under Fed. R. Civ. P. 23 (Dkt. No. 33) is
hereby ALLOWED.

The court certifies the following class: "All
individuals who are or will be detained within the
Commonwealth of Massachusetts pursuant to 8 U.S.C. § 1226(c)

for over six months and have not been afforded an individualized bond hearing." Plaintiff Reid is appointed class representative, and Nicole Hallet, Muneer Ahmad, Michael J. Wishnie, and the Law Student Interns of the Jerome N. Frank Legal Services Organization at Yale Law School are appointed class counsel pursuant to Fed. R. Civ. P. 23(g).

The parties shall submit a joint proposal setting forth a briefing schedule for the filing of dispositive motions no later than February 25, 2014.

It is So Ordered.

                              /s/ Michael A. Ponsor
                              MICHAEL A. PONSOR
                              U. S. District Judge