UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK ANTHONY REID, on behalf of himself and others similarly situated, <br>   Plaintiff/Petitioner, <br><br><br>        v. <br><br> CHRISTOPHER DONELAN, Sheriff of Franklin County, et al., <br>   Defendants/Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. NO. 13-cv-30125-MAP <br> ) <br> ) <br> ) <br> ) |


MEMORANDUM AND ORDER REGARDING
PLAINTIFF'S MOTION FOR NOTICE OF CLASS CERTIFICATION,
PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION,
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT &
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(Dkt. Nos. 95, 96, 117 & 123)

May 27, 2014

PONSOR, U.S.D.J.

## I.   INTRODUCTION

Plaintiff Mark Anthony Reid has brought this suit on behalf of all aliens in Massachusetts who were or will be detained under 8 U.S.C. § 1226(c) for over six months and not provided an individualized bail hearing.  On January 9, 2014, the court granted Plaintiff's individual habeas petition and concluded that detention beyond six months,

absent an individualized assessment, was presumptively
unreasonable.  Reid v. Donelan, -- F. Supp. 2d --, 2014 WL
105026 (D. Mass. Jan. 9, 2014)("Reid I").  On February 10,
2014, the court determined that the case could proceed as a
class action.  Reid v. Donelan, 297 F.R.D. 185 (D. Mass.
2014)("Reid II").  Currently pending before the court are
Plaintiff's Motion for Notice of Class Certification (Dkt.
No. 95), Plaintiff's Motion for a Preliminary Injunction
(Dkt. No. 96), and cross-motions for summary judgment (Dkt.
Nos. 117 & 123).

As the curtain closes on this litigation, two issues
require examination.  The penultimate question is whether
either party is entitled to summary judgment.  The court,
reaffirming its view that § 1226(c) includes a six-month
"reasonableness" limitation on the length of no-bail
detention, will formally award the class judgment as a
matter of law.

The more difficult issue is whether the class should
receive permanent, equitable relief.  That analysis requires
the court to address three questions.  Is a class-wide
injunction permissible?  Is it proper?  If so, what should

-2-

it include?  Ultimately, because the court possesses
jurisdiction to issue class-wide equitable relief and
because the relevant factors all suggest that such a remedy
is appropriate, an order enjoining Defendants from applying
§ 1226(c) to the class, detailed in the conclusion of this
memorandum, will issue.

## II.  BACKGROUND

Plaintiff, Mark Anthony Reid, represents a class of
aliens who were (or will be) detained under 8 U.S.C. §
1226(c), were not provided an individualized bail hearing,
and were in custody for over six months.  The background of
this litigation and the underlying statutory framework have
previously been outlined in detail.  See Reid v. Donelan, --
F. Supp. 2d --, 2014 WL 105026 (D. Mass. Jan. 9, 2014)("Reid
I").  As a result, only a summary is required here.

Plaintiff came to the United States in 1978 as a lawful
permanent resident.  He has since amassed a substantial
criminal history.  In 2010, he was convicted of several
crimes in Connecticut state court and was sentenced to
twelve years in prison, to be suspended after five.

On November 13, 2012, after serving two years, the

-3-

state transferred Plaintiff into the custody of Immigration
and Customs Enforcement ("ICE").  ICE immediately initiated
proceedings to remove him based on four non-violent state
drug convictions.[1]  ICE detained Plaintiff under 8 U.S.C. §
1226(c) -- a statute that mandates detention for certain
criminally convicted aliens and does not provide them any
opportunity for a bail hearing.[2]  Pursuant to this law,
Plaintiff was not afforded any opportunity to seek an
individual bail assessment.  A different section of the
statute, § 1226(a), permits non-mandatory detention and
provides those aliens an opportunity for conditional
release.

---

[1] An Immigration Judge initially ordered Plaintiff
removed on April 5, 2013.  The Board of Immigration Appeals
("BIA"), however, remanded the case on October 23, 2013, for
a hearing on Plaintiff's Convention Against Torture claim.
An Immigration Judge held an evidentiary hearing on that
matter on November 19, 2013, and again ordered Plaintiff
removed.  Plaintiff's second appeal to the BIA is currently
pending.

[2] That statute requires the alien to be detained "when
. . . released" from criminal custody.  Recently, in Gordon
v. Johnson, the court concluded that such language signified
an immediacy requirement and limited the class of aliens
subject to mandatory detention.  Gordon v. Johnson, -- F.
Supp. 2d --, 2014 WL 2120002 (D. Mass. May 21, 2014).  The
court ordered equitable relief analogous to the remedy
provided here.  Id. at *12-13.

After more than six months of detention, Plaintiff, on July 1, 2013, filed an individual habeas petition seeking the opportunity to argue for release on bail.  The driving legal question presented in his petition was whether § 1226(c) included a "reasonableness" requirement after which an individual's detention, absent a bail hearing, became unreasonable.[3]  Plaintiff anchored his claim on <u>Bourguignon v. MacDonald</u>, 667 F. Supp. 2d 175 (D. Mass. 2009), where the court found that such a limit did exist.  Plaintiff also filed a Motion for Class Certification on August 15, 2013.  (Dkt. No. 33.)  The next day, Defendants moved to dismiss the case.  (Dkt. No. 35.)

After hearing argument on December 12, 2013, the court, on January 9, 2014, granted Plaintiff's individual petition

---

[3] A peripheral issue in Plaintiff's case has been his individual challenge to ICE's policy of shackling all § 1226(c) detainees during immigration proceedings without any form of individual consideration.  On March 6, 2014, the court concluded that such a policy violated Plaintiff's due process rights.  <u>Reid v. Donelan</u>, -- F. Supp. 2d --, 2014 WL 896747 (D. Mass. March 6, 2014).  However, because ICE had already provided Plaintiff an individual assessment, he had obtained the remedy he was entitled to and thus was unable to establish irreparable harm.  Therefore, the court did not issue an injunction and, instead, allowed Defendants' motion for summary judgment on the issue.

for habeas corpus.  Reid I, 2014 WL 105026.  After
reexamining its prior decision in Bourguignon, it concluded
that § 1226(c) must be read as including a "reasonableness"
limit to comport with due process.  That limitation was set,
consistent with an approach adopted by the Ninth Circuit, at
six months.  Rodriguez v. Robbins, 715 F.3d 1127 (9th Cir.
2013).

On February 10, 2014, the court allowed Plaintiff's
Motion for Class Certification.  Reid II, 297 F.R.D. at 194.
It defined the class, pursuant to Fed. R. Civ. P. 23, as
"all individuals who are or will be detained within the
Commonwealth of Massachusetts pursuant to 8 U.S.C. § 1226(c)
for over six months and have not been afforded an
individualized bond hearing."  Id.

Plaintiff, on March 2, 2014, filed a Motion for Notice
of Class Certification (Dkt. No. 95) and a Motion for a
Preliminary Injunction (Dkt. No. 96).  Given the procedural
posture of the case, Defendants argued that briefing on
those issues should be consolidated with the parties'
dispositive motions.  (Dkt. No. 103.)  The court agreed with
Defendants and ordered an expedited briefing schedule.

-6-

(Dkt. No. 111.)  Accordingly, the parties filed their cross-motions for summary judgment on April 4, 2014, (Dkt. Nos. 117 & 123), and counsel appeared for argument on May 7, 2014.  The court then took the matter under advisement.

### III.  DISCUSSION

Though a number of motions are currently pending, they raise two broad questions.  The first -- whether either party is entitled to summary judgment -- is easily answered in Plaintiff's favor given the court's previous rulings.

The more challenging question is what relief is appropriate.  This analysis, like the one presented in the court's recent decision in Gordon, comprises three issues: whether class-wide equitable relief is permissible under 8 U.S.C. § 1252(f)(1), whether equitable relief is appropriate in this case, and what such relief, if any, should entail.

### A.  Summary Judgment

Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The court must view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences from

-7-

those facts in that party's favor.  <u>Pac. Ins. Co., Ltd. v.</u>
<u>Eaton Vance Mgmt.</u>, 369 F.3d 584, 588 (1st Cir. 2004).  In
the absence of a dispute over a genuine issue of material
fact, summary judgment is appropriate.  <u>Reich v. John Alden</u>
<u>Life Ins. Co.</u>, 126 F.3d 1, 6 (1st Cir. 1997).  When
addressing cross-motions for summary judgment, "the court
must consider each motion separately, drawing inferences
against each movant in turn."  <u>Id.</u> at 6.

     Both parties agree that the question before the court
is one purely of law: whether § 1226(c) includes a
"reasonableness" limit on the length of time an individual
can be detained without an individual bond hearing and, if
so, where that limit lies.  Plaintiff believes that the
analysis employed for his individual habeas petition equally
resolves the class-wide motion here.  Defendants argue that
the court's prior decisions were incorrect and should be
reconsidered.[4]

     After reviewing <u>Reid I</u> and <u>Bourquignon</u>, the court again
concludes that due process requires § 1226(c) to be read as

_____

     [4] On March 10, 2014, Defendants indicated that they
would be appealing the court's decision on Plaintiff's
individual habeas petition.  (Dkt. No. 108.)

including a "reasonableness" limit requiring the government
to provide detainees a chance at conditional release after
that threshold is crossed.  That view, as discussed at
length in those two decisions, is compelled by two Supreme
Court opinions: Zadvydas v. Davis, 533 U.S. 678 (2001), and
Demore v. Kim, 538 U.S. 510 (2003).

        In Zadvydas, the Supreme Court held that detention
following issuance of an order of removal, absent a bail
hearing, was only permissible so long as removal was
"reasonably foreseeable."  533 U.S. at 699.[5]  After six-
months, the court concluded that the detention became
presumptively invalid and a bail hearing was required.  Id.
at 701.  The Court grounded this limit on its concern that
indefinite detention would violate due process.

        Two years later, the Supreme Court addressed the
constitutionality of § 1226(c) in Demore.  The court upheld
the constitutionality of the statute, but assumed that the
removal process would be relatively brief.  Demore, 538 U.S.
at 513.  Critically, Justice Kennedy noted in his

_____

        [5] Apparently, even after an alien is ordered removed,
it can take a significant period of time -- months or even
years -- to effectuate that order.

concurrence that "a lawful permanent resident . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532 (Kennedy, J., concurring)(citing Zadydas, 533 U.S. at 684-86).

Weighed together, these two cases mandate that § 1226(c) be read as including a temporal limit on detention to avoid due process problems.  This view, as discussed in Reid I, has been consistently adopted by this district and other courts throughout the country.  See, e.g., Rodriguez v. Robbins, 715 F.3d 1127 (9th Cir. 2013); Diop v. ICE/Homeland Sec., 656 F.3d 221 (3d Cir. 2011); Flores-Powell v. Chadbourne, 677 F. Supp. 2d 455 (D. Mass. 2010)(Wolf, J.); Sengkeo v. Horgan, 670 F. Supp. 2d 116 (D. Mass. 2009)(Gertner, J.)  In line with these cases, this court again concludes that it must invoke the canon of constitutional avoidance and interpret the statute as including this "reasonableness" limitation.

The Ninth Circuit's approach to determining the "reasonableness" limit -- setting a bright-line six-month rule -- is also still the most appropriate.  Robbins, 715

-10-

F.3d at 1133.  As emphasized in <u>Reid I</u>, this limit is consistent with the Supreme Court's own rule in <u>Zadvydas</u>, comports with due process -- both in terms of the individual detainee's interests and broader access-to-justice concerns -- and is significantly more workable than the alternative, individualized approach Defendants favor.  <u>Reid I</u>, 2014 WL 105026 at *4-6.  Because "no persuasive argument justifies discarding this pragmatic approach when dealing with individuals detained under § 1226(c)," the court will apply the six-month rule to the entire class.  <u>Reid I</u>, 2014 WL 105026 at *4.

This court first addressed this legal issue five years ago.  The arguments and analysis are largely unchanged.  It was as true in <u>Bourguignon</u> as it is today: due process requires § 1226(c) detainees the <u>opportunity</u> to argue for conditional release after detention extends beyond the six-month limit.  As such, the court will award the class judgment as a matter of law.

B.  <u>Relief</u>

As noted above, the analysis of appropriate permanent relief presents three issues: whether relief is permissible;

whether relief is appropriate; and what the relief should include.

### 1. <u>Is Relief Permissible?</u>

The first question is whether § 1252(f)(1) bars class-wide equitable relief.[6]  That statute states that no court "shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of [8 U.S.C. §§ 1221-1231] . . . other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated."  Defendants contend that the plain language of this law bars equitable relief here.

A prolonged analysis is not required.  In <u>Gordon</u>, the court concluded that a distinction exists between enjoining the "operation" of the law and requiring the government to obey it.  <u>Gordon</u>, 2014 WL 2120002 at *8-9.  Indeed, an injunction "will not prevent the law from operating in any way, but instead would simply force Defendants to <u>comply</u>

_____

[6] If § 1252(f)(1) did serve as a bar to relief, Plaintiff believes that the court would maintain its habeas jurisdiction and could still issue a class-wide injunction. The court need not decide that issue as § 1252(f)(1), for the reasons discussed, does not bar a remedy here.

-12-

with the statute.  The purposes underlying § 1252(f)(1) and associated case law justify this distinction." Id. at *9.

If § 1226(c) should be read as requiring a bail hearing after detention becomes unreasonable -- which it must -- the distinction previously highlighted is equally applicable here.  In this case, since a class-wide injunction will only require the government to comply with that proper interpretation, § 1252(f)(1) does not preclude class-wide relief.[7]  See also Rodriguez v. Hayes, 591 F.3d 1105, 1190 (9th Cir. 2012).

   2.  Is Relief Appropriate?

The second, related question is whether equitable relief should issue.  To obtain declaratory relief, Plaintiff must show that it "will serve the interests of the litigants or the public." Metro. Prop. & Liab. Ins. Co. v. Kirkwood, 729 F.2d 61, 62 (1st Cir. 1984).  An injunction is appropriate where a plaintiff, in addition to succeeding on the merits, establishes: (1) irreparable harm; (2) the

_____

   [7] The court is also satisfied, given the plain language of the statute and the First Circuit's decision in Arevalo v. Ashcroft, 344 F.3d 1 (1st Cir. 2003), that class-wide declaratory relief is available.  Reid II, 297 F.R.D. at 193.

absence of an adequate remedy at law; (3) a favorable
balance of hardships; and (4) that an injunction is in the
public interest.  Esso Standard Oil v. Lopez-Freyes, 522
F.3d 136, 148 (1st Cir. 2008) citing eBay v. MercExchange,
LLC, 547 U.S. 388, 391 (2006).

    Defendants' main argument against an injunction, one
intertwined with their view on the merits, is that equitable
relief is not in the public interest.[8]  Specifically, the
class seeks a remedy that, in Defendants' view, conflicts
with Congress' clear goal of detaining certain individuals
pending their removal without opportunity to seek bail.
Their argument is essentially that § 1226(c) cannot be read
as including a "reasonableness" requirement and that,
therefore, a court order imposing one would be against the
public interest.

    Defendants' arguments, dependent almost exclusively on
the merits of the case, cannot succeed.  First, there can be
no doubt that members of the class are suffering irreparable

---

    [8] Defendants also focus on the preliminary nature of
the relief requested.  They correctly contend that a
preliminary injunction, given the procedural posture of this
case, would be duplicative.

harm each day they are detained beyond six months without the opportunity to argue for release.  See Robbins, 715 F.3d at 1144.  Such detention is an emotional and physical ordeal for class members and is particularly severe for those who have colorable claims for release on bail during the pendency of their removal proceedings.  Furthermore, the deprivation of due process rights, as is occurring here, is sufficient on its own to establish irreparable harm.  Cf. Romero Feliciano v. Torres Gaztambide, 836 F.2d 1, 4 (1st Cir. 1987).

The second factor is also easily satisfied.  No monetary damages can remedy the harm alleged.  As such, there exists no adequate remedy at law.

In terms of the balance of hardships, Plaintiff has shown that an injunction would assist the class while imposing a negligible burden on the government.  As this court has noted before, the court's order will not require the government to release a single individual.  Instead, the government must simply provide class members the opportunity to argue for release.  "This opportunity, of course, will not make actual release inevitable, or even necessarily

likely." Reid II, 297 F.R.D. at 188.  Besides the slight

logistical challenge of providing individual bail

determinations and hearings -- a modest burden -- the

government loses nothing.  Under such circumstances, the

balance of hardships favors Plaintiff's position.

Finally, despite Defendants' contention, an injunction

is in the public interest.  The public has a general

interest in upholding individuals' constitutional rights.

See Phelps-Roper v. Nixon, 545 F.3d 685, 690 (8th Cir.

2008), overruled on other grounds by Phelps-Roper v. City of

Manchester, Mo., 545 F.3d 685 (8th Cir. 2012).  Indeed, the

public has an interest in ensuring that all persons,

including aliens, obtain fair treatment in legal

proceedings.  Here, due process requires reading § 1226(c)

in the manner discussed.[9]

Ultimately, a binding order requiring the government to

comply with the constitutionally mandated interpretation of

§ 1226(c) is warranted.  This is the only guarantee that the

government will provide members of the class with the remedy

---

[9] Given the conclusions with respect to each factor,
declaratory relief is also appropriate in this case.

they are entitled to.

3.  <u>What Should Relief Entail?</u>

Since the court will be ordering permanent, injunctive relief, it must determine the shape of that order.  Here, two issues must be addressed: (1) the notice, if any, the court should provide class members, and (2) the process to be used in making bail determinations.

a.  <u>Motion for Notice of Class Certification</u>

Notice for Rule 23(b)(2) classes is discretionary and should be ordered "with care."  Fed. R. Civ. P. 23(d), advisory committee's notes to 2003 amendment.  This special attentiveness is demanded because formal notice may not serve any purpose and the costs of providing notice may be substantial.  <u>Id.</u>

Defendants believe that this case, particularly since the class is not seeking monetary damages, does not warrant notice.  <u>See</u> <u>Key v. Gilette Co.</u>, 90 F.R.D. 606, 611-12 (D. Mass. 1981).  In their view, class members have counsel to represent their interests and notify them of their rights. Moreover, an individual's knowledge that he or she is a member of the class may be unrelated to whether this

-17-

individual obtains a remedy.  Alternatively, Defendants
request that any order be limited to general, rather than
individual, notice.

This argument ignores the need class members will have
to contact class counsel to obtain assistance in navigating
the balky remedial process.  The remedy the court will be
imposing will be to require Defendants to afford each class
member detained under § 1226(c) for over six-months the same
opportunity for a bail hearing available under § 1226(a).
In order to access relief under § 1226(a), class members
(including aliens with limited command of English) will
themselves bear the burden to request bail hearings.  To
take this step, it is essential that aliens actually know
that they are members of the class and that they have
counsel to assist them.  Without this, the court's remedy
will be, as a practical matter, illusory in many cases.

Notice is particularly essential for the class members
transferred out of Massachusetts.  At least two class
members -- after being detained in Massachusetts for over
six months -- have been transferred to other states.  (Dkt.
No. 97, Ex. 1.)  Individual notice is critical for these

-18-

members, who would not otherwise have access to any general
notice provided in the Commonwealth.

The government should also shoulder the burden to
provide the individual notice.  Defendants are in exclusive
possession of the names of individual class members.
Further, the cost of providing the notice -- since members
are in its custody -- will not be substantial.  Indeed, the
government, as discussed below, will need to provide each
member with an individualized bail determination pursuant to
§ 1226(a).  The government may provide notice of class
certification simultaneously with that individualized
decision -- thereby further minimizing the burden.  For all
these reasons, the court will allow Plaintiff's motion on
this point and will order that the government provide
individual notice of class certification.

### b. <u>Logistics of Bail Determinations</u>

In terms of the specific remedy, Plaintiff contends
that a number of protections beyond those provided in §
1226(a) are necessary.  He justifies this approach by
relying on the Ninth Circuit's decision in <u>Robbins</u>.  There,
the court affirmed a district court's decision to require

the government to show "by clear and convincing evidence

that continued detention is justified."  Robbins, 715 F.3d

at 1131; see also Diop, 656 F.3d at 223 (placing the burden

of proof on ICE.)

Plaintiff argues that the court should adopt the Ninth

Circuit's approach with respect to the burden and standard

of review for these class members.  He also requests that

the government automatically schedule hearings as members

enter the class and that the government maintain

contemporary records of the hearings in the event of an

appeal.  Finally, Plaintiff seeks an order requiring

Immigration Judges to consider all alternatives to detention

when contemplating an individual's release on bail.

The court, of course, respects the Ninth Circuit's

approach, but concludes that the government's recommendation

-- that the court should limit any remedy to the one

available to detainees under § 1226(a) -- is the better

option.  As the court recently discussed in Gordon,

individuals who committed a § 1226(c) predicate offense

should not receive more protections than § 1226(a)

-20-

detainees.[10]  As noted,

> Although the court has its concerns about the
> procedures used to effectuate the requirements of §
> 1226(a) -- specifically the time between detention
> and a bail hearing as well as the ability of a
> detainee to ensure his or her request for a hearing
> makes its way to an Immigration official -- as a
> matter of fairness, class members should not
> receive more than their counterparts who, it should
> be noted, have not committed any § 1226(c)
> predicate offense.

Gordon, 2014 WL 2120002 at *11.

Class members here are detained, under valid statutory

authority, for six months.  Once a member's detention

crosses that six-month barrier, he is entitled to seek some

form of individualized analysis of his entitlement to

release on bail.  Section 1226(a) provides a reasonably

effective way for class members to obtain the individualized

assessment they are entitled to, without giving them

---

[10] In Gordon, § 1252(f)(1) also arguably barred the
court from imposing a more intrusive remedial order beyond
requiring the government to afford class members access to
the § 1226(a) process.  Gordon class members should have
been classified as § 1226(a) detainees but, instead, were
improperly held under § 1226(c).  Gordon, 2014 WL 2120002 at
*11.  The class-wide remedy was rightly limited to
rectifying that mistake.  Here, no question exists that
class members were properly categorized as § 1226(c)
detainees, and thus § 1252(f)(1) offers no bar -- if the
court concluded it was appropriate -- for a more detailed
remedy.

-21-

heightened or special treatment that due process does not require.  Therefore, the court will adhere to the approach it adopted in Gordon and order Defendants to apply § 1226(a) to all current and future class members.

### IV.  CONCLUSION

The burden on the executive branch officials to manage our labyrinthine immigration system is heavy.  The need to detain certain individuals pending removal cannot be denied. But, where the government applies a statute without consideration for constitutional guarantees, the rights of vulnerable aliens are at risk.  The suggestion that § 1226(c) permits indefinite detention -- for years, in some cases -- without even the opportunity to request bail, ignores the assumption underlying this law, which Justice Kennedy recognized in Demore, that removal occur swiftly and that detention be "reasonable."

Accordingly, the court hereby ALLOWS Plaintiff's Motion for Summary Judgment (Dkt. No. 123), and Plaintiff's Motion for Notice of Class Certification (Dkt. No. 95), DENIES Defendants' Motion for Summary Judgment (Dkt. No. 117), and DENIES as moot Plaintiff's Motion for a Preliminary

Injunction (Dkt. No. 96).  The court DECLARES as follows:

- As to every class member, the mandatory detention provision, 8 U.S.C. § 1226(c), applies only to aliens detained by the Department of Homeland Security ("DHS") for a "reasonable" period of time -- specifically six months or less.

- As to every class member, an alien who is subject to detention pursuant to 8 U.S.C. § 1226(c) for over six months is entitled to an individual bail determination and a bond hearing before an Immigration Judge as contemplated in § 1226(a).

In accordance with that finding, the court hereby

ORDERS the following:

- Defendants shall immediately cease and desist subjecting all current and future class members -- that is, those detainees held under 8 U.S.C. § 1226(c) beyond six months -- to mandatory detention under that statute.

- Defendants shall immediately determine the custody of every current class member under 8 U.S.C. § 1226(a) and timely provide a bond hearing to every class member that seeks a redetermination of his or her custody by an Immigration Judge pursuant to 8 C.F.R. § 1003.19 & 1236.1(d).

- As individuals enter the class at the six-month mark, Defendants will immediately determine the custody of each individual under 8 U.S.C. § 1226(a) and provide a bond hearing to every class member that seeks a redetermination of his or her custody by an Immigration Judge pursuant to 8 C.F.R. § 1003.19 & 1236.1(d).

- Defendants will provide individual notice of class certification, in both English and Spanish.  Notice

-23-

shall include a description of the class and the names and contact information for all class counsel.  Notice may be provided either before, or simultaneously with, the initial bail determination under § 1226(a).  Notice must be individually provided to:

- all current class members detained in Massachusetts;

- those who were detained in Massachusetts under 8 U.S.C. § 1226(c) for over six months without a bail hearing as of February 10, 2014, and have since been transferred out of the Commonwealth; and

- all future class members at the point they enter the class.

- On or before June 30, 2014, Defendants shall provide class counsel with a list of identified class members, including their names and alien numbers, and the facility in which they are detained.

- On or before July 31, 2014, Defendants shall submit to the court a report detailing the following:

  - any custody determinations made for class members, including the dates they were made, the determination, and, if applicable, whether the individual petitioned for a bail redetermination in front of an Immigration Judge;

  - any bond hearings held for class members, including the dates they were held and the outcomes of those hearings, including the amounts of any bond set; and,

-24-

- the process and criteria by which class members have been identified.

The clerk shall set this matter for a status conference on September 15, 2014, at 4:00 p.m., to review Defendants' compliance with this order and to discuss entry of final judgment.

It is So Ordered.

                                    /s/ Michael A. Ponsor
                                   MICHAEL A. PONSOR
                                   U. S. District Judge