# DEFENDANTS' EXHIBIT 3

# CASE LIST

Defendants' compilation of post-*Jennings* district court decisions that address the constitutional "reasonableness" of § 1226(c) detention.

- *Vega v. Doll*, No. 3:17-CV-01440, 2018 WL 3765431, at *10–12 (M.D. Pa. Jul. 11, 2018), *report and recommendation adopted*, No. CV 3:17-1440, 2018 WL 3756755 (M.D. Pa. Aug. 8, 2018) (explaining that "a constitutional analysis requires the Court to consider a variety of factors, derived from the Supreme Court's decisions in *Demore* and *Zadvydas*," and evaluating whether the petitioner's 20-month detention under § 1226[c] violated due process by examining a number of individualized factors).

- *Garcia Gonzalez v. Bonnar*, No. 18-CV-05321-JSC, 2018 WL 4849684, at *5–6 (N.D. Cal. Oct. 4, 2018) (determining that the petitioner's nearly 10-month detention under § 1226(c) had not been so unreasonably prolonged as to violate his due process rights based on the analysis of the particular circumstances in his case, including that he had contributed to the delay, the government had not acted in bad faith, and the petitioner had an upcoming hearing regarding his applications for relief from removal scheduled).

- *Obando-Segura v. Sessions*, No. CV GLR-17-3190, 2018 WL 4384166, at *5–6 (D. Md. Sept. 14, 2018) (adopting a case-by-case, individualized assessment for evaluating whether pre-removal § 1226[c] detention has become "unreasonably prolonged," and declining to evaluate the petitioner's claim that his §1226(c) detention had become unreasonable under the due process clause because neither party had addressed the individualized factors in its briefings)

- *Arizmendi v. Kelly*, No. CV-17-4791-JAT (DMF), 2018 WL 3912279, at *4 (D. Ariz. Jul. 23, 2018), *report and recommendation adopted*, No. CV-17-04791-PHX-JAT, 2018 WL 3872228 (D. Ariz. Aug. 15, 2018) (rejecting the petitioner's argument that his § 1226[c] detention was unconstitutional because it exceeded six months, finding that this did "not square with the Supreme Court's opinion in *Jennings v. Rodriguez*," and instead analyzing whether the eight-month detention had become constitutionally unreasonable by examining the specific circumstances of the petitioner's case).

- *Sajous v. Decker et al*, No. 1:18-cv-02447 (S.D.N.Y. May 23, 2018), citing *Diop*, 656 F.3d at 234 (whether § 1226(c) detention violates due process, "must be decided using an as-applied, fact-based analysis, and emphasizing that "[r]easonableness, by its very nature, is a fact-dependent inquiry requiring an assessment of all the circumstances of any given case").

- *Mohamed v. Sec'y, Dep't of Homeland Sec.*, No. CV 17-5055 (DWF/DTS), 2018 WL 2392205, at *3–5 (D. Minn. Mar. 26, 2018), *report and recommendation adopted*, No. CV 17-5055 (DWF/DTS), 2018 WL 2390132 (D. Minn. May 25, 2018) (applying a fact-based, individualized standard to determine the constitutionality of detention).

- *Portillo v. Hott*, No. 118CV470LMBMSN, 2018 WL 3237898, at *6–7 (E.D. Va. Jul. 3, 2018) (applying a case-specific, five-factor balancing test, and explaining that this analysis — rather than a bright-line rule — "is consistent with how the Due Process Clause has traditionally been understood").

- *Dryden v. Green*, No. CV 18-2686 (SDW), 2018 WL 3062909, at *4 (D.N.J. Jun. 21, 2018) (any determination on reasonableness must be highly fact-specific).