UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

Mark Anthony REID, *et al.*, on behalf of
themselves and others similarly situated,

*Plaintiffs-Petitioners,*

v.

Christopher DONELAN, Sheriff,
Franklin County, MA, *et al.*,

*Defendants-Respondents.*

Case No. 3:13-cv-30125-PBS

January 14, 2019

---

## DECLARATION OF LEO FELIX CHARLES

I, Leo Felix Charles, swear under the penalty of perjury that the following is true and correct to the best of my knowledge.

**Updates Regarding my Immigration Proceedings**

1. I have been detained in ICE custody since February 2, 2018.

2. I have been detained at Franklin County Jail and the Bristol County House of Corrections in Massachusetts. I have also been detained at the Strafford County House of Corrections in New Hampshire.

3. I have been fighting my immigration case while I have been detained.

4. In 2017, the Department of Homeland Security filed a Motion to Reopen my 2003 grant of deferral of removal under the Convention Against Torture. A true and correct copy of the opinion is attached as Exhibit A (2003 Immigration Judge Decision). DHS alleged in its motion that Ronald Marcellus, the politically-connected Haitian gang member whom I feared would murder me or order his family members and operatives to murder me if I were removed to Haiti, no longer posed a threat to me. DHS also alleged that the circumstances in Haiti had changed such that I would not be detained and tortured there, as the IJ found when granting me CAT protection in 2003. A true and correct copy of the motion is attached as Exhibit B (Government's Motion to Reopen).

5. The IJ granted DHS's Motion to Reopen and conducted a *de novo* merits hearing in Hartford on February 22, 2018. I did not have counsel and proceeded *pro se*. Although the DHS attorney admitted that the level of corruption and influence in the Haitian

government has not changed since the time I was granted CAT protection in 2003, the attorney nonetheless argued that deportees are no longer detained when they arrive in Haiti.

6. At the conclusion of the hearing, the IJ revoked my CAT protection. A true and correct copy of the opinion and order is attached as Exhibit C (2018 Immigration Judge Decision).

7. On February 23, 2018, I filed an appeal and motion for stay of removal with the Board of Immigration Appeals. I did so *pro se*.

8. In October 2018, the BIA adopted and affirmed the IJ's decision, thus denying my appeal.

9. On October 19, 2018, I filed, *pro se*, a Petition for Review and Motion for Stay of Removal in the Second Circuit Court of Appeals. As with all other aspects of my case, I did so while detained, using the limited resources I was afforded in the detention center.

10. On November 9, 2018, I was able to secure *pro bono* counsel to represent me on my Petition for Review before the Second Circuit. I am now represented by Ms. Dalia Fuleihan of the New Haven Legal Assistance Association. Ms. Fuleihan filed an Amended Motion for Stay of Removal in my case. A true and correct copy of the amended motion is attached as Exhibit D (Amended Motion for Stay of Removal).

11. On December 11, 2018, the Second Circuit granted my motion for Stay of Removal.

12. The Second Circuit ordered briefing on my Petition for Review. My opening brief is due on March 15, 2019.

**My Experience in Detention**

13. I have been detained in ICE custody for nearly one year now. My time in detention has been extremely challenging. My experience in detention has caused or exacerbated many medical problems for me.

14. I suffer from a number of different health problems. These include diabetes, high blood pressure, acid reflux, nerve and kidney damage, scoliosis, osteoarthritis, neuropathy, degenerative joint disease in both of my knees and anemia, spinal stenosis.

15. I suffered a spinal fusion which required back surgery in 2017. However, I have not been provided the proper physical therapy, treatment and accommodations to recover from my surgery during my time incarcerated in ICE custody, so now my back requires a revision surgery – which I have not received.

16. Additionally, I require a knee replacement surgery which I have not been provided. As such, I am unable to walk and am confined to a wheelchair. However, being in the wheelchair ends up further harming my back.

17. After my spinal surgery, one of my doctors instructed that I should only use a wheelchair sparingly because it would be deleterious to my back. A true and correct copy of these instructions are attached as Exhibit E (Medical Instructions). But because I have a degenerative joint disease in my knees and have not received surgery to address it, I am forced to remain in a wheelchair.

18. This situation has put me in a state of constant pain. The pain makes it very difficult to sleep. I am lucky if I sleep a few hours each night. Part of the problem is that it is so difficult and painful for me to even get in and out of bed.

19. So, it is better for me to just stay in my wheelchair. But this poses other problems for me, like using the bathroom. Every time I move I am in pain and there is very little assistance in the detention center.

20. While I have been incarcerated, I have not been receiving the medications I need. As it is, I take nearly twenty pills each day. But the pills for pain are ineffective. And there are many medications which I am supposed to receive but am denied altogether, including iron pills, aspirin and an oral diabetes medication. I have not received any treatment for my neuropathy and my nerve damage.

21. I have told the detention center staff of these critical deficiencies and even written letters to higher ups in charge, but none of them have resolved this situation. My health continues to get worse.

22. Being detained also makes it incredibly difficult to follow the diet ordered by doctors, given all of my health problems.

23. I am supposed to avoid salt, spicy food, and red meat. The only way I can do so is by refusing the food served at the detention center. Instead, I eat only the cereal that is given to me when I receive my insulin injections and things that I am able to buy from the commissary, like tuna and peanut butter.

I, Leo Felix Charles, declare under the penalties and pains of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

*Leo Felix Charles*
Leo Felix Charles

Executed on January 14, 2019