**EXHIBIT B**

Leigh Mapplebeck                                    IHP – Corrigan Correctional Center
Senior Attorney
Immigration and Customs Enforcement
Department of Homeland Security
450 Main Street, Room 483
Hartford, CT 06103

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
HARTFORD, CONNECTICUT

| In the Matter of: | |
|---|---|
| CHARLES, Leo Felix | File No: A074 917 669 |
| In Removal Proceedings | |

Immigration Judge Straus                            Next Hearing: MTR

Department of Homeland Security's Motion to Reopen for De Novo Hearing and
Termination of Deferral of Removal Pursuant to the Convention Against Torture

1

The Department of Homeland Security (DHS) respectfully moves this Court to reopen removal proceedings for a *de novo* hearing to consider whether the respondent's 2003 grant of deferral of removal under the Convention Against Torture should be terminated pursuant to 8 CFR § 1208.17(d). Reopening is warranted in this case because the DHS has obtained evidence that was not considered or available in 2003 that is relevant to whether it is more likely than not that the respondent will be tortured in Haiti by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity. See 8 C.F.R. § 1208.18(a)(1)(2014); *Matter of C-C-I-*, 26 I. & N. Dec. 375 (BIA 2014).

The respondent was issued a Notice to Appear on February 18, 1999, charging him with a violation of the Immigration and Nationality Act (INA) § 212(a)(6)(A)(i) as an alien present in the United States without having being admitted or paroled, and INA § 212(a)(2)(C), in that a consular or immigration officer knew or had reason to believe that he was an illicit trafficker in a controlled substance. (Tab A – Notice to Appear) On or about May 24, 2001, DHS (Legacy Immigration and Naturalization Service) filed an I-261 to amend the respondent's manner of entry. (Tab B – I-261) On May 22, 1998 the respondent was convicted of Sale of Illegal Drugs in violation of Conn. Gen. Stat. § 21a-278(a)(b) and sentenced to a term of imprisonment of 30 years. (Tab C – Conviction Record) On January 9, 2003, the respondent was granted deferral of removal under the Convention Against Torture. (Tab D – IJ Order) Thereafter, the respondent's prison sentence was modified from 30 years imprisonment to 13 years and he was released from prison in 2009. (Tab E – Criminal History printout) In 2011, the respondent was arrested for attempted murder after stabbing his domestic partner in the chest with a knife. He was convicted of Assault First Degree in violation of Conn. Gen. Stat. § 53a-59 and sentenced to 14 years in prison, suspended after 7 years. (Tab F – conviction record) His projected release date is May 2017.

On January 9, 2003, the Immigration Judge granted the respondent's application for deferral of removal pursuant to the United Nations Convention Against Torture ("CAT"). The respondent testified and Immigration Judge found that the respondent was a cooperating witness in a murder investigation in the United States involving certain Haitian "drug kingpins." Specifically, the respondent claimed be he had received credible death threats from an individual named Ronald Marcellus; that his sister was kidnapped and assaulted in Haiti as a consequence of his cooperation; that he would be harmed if returned to Haiti by a "big boss" Nawoun Marcelus (sp), a brother of Ronald Marcellus and an official of the then Haitian government; and because he faced indefinite detention on return to Haiti as a criminal deportee. (Record of Proceeding Exhibit 15 and Oral Decision of the Immigration Judge)

In support of this motion, the DHS contends that it has obtained relevant and probative evidence previously unavailable. Specifically, subsequent to the operative events set forth in the respondent's application for relief under CAT, both the respondent and Ronald Marcellus served prison time together at various correctional facilities within Connecticut and during the relevant time periods, the respondent was not in segregation or protective custody. (Tab G Department of Correction printouts) The individual named

Ronald Marcellus remains incarcerated with a projected release date in 2027. (Tab H – Public Record inmate information)

Additionally, the Immigration Judge cited to a combination of factors presented in the respondent's claim as warranting the grant of Deferral of Removal. (Oral decision of the Immigration Judge, *citing to In Re G-A*, 23 I&N Dec. 366 (BIA 2002). One such factor was the likelihood that immediately upon his return to Haiti the respondent would be put into prison for a prolonged time. (Oral decision of the Immigration Judge). The practice of indefinite detention of criminal deportees is no longer automatic. (Department of State Country Reports 2007; 2008) This constitutes a fundamental change such that the grant of deferral of removal under the CAT from thirteen (13) years ago is no longer appropriate as the respondent no longer faces a clear probability of torture by or with the acquiescence of public officials based on the respondent's claims. (Tab I – Country condition materials)

Finally, subject to privacy act protections, the DHS has additional evidence in its possession available for in camera inspection by the court. Such evidence includes information about the siblings of Ronald Marcellus; that one of the individuals whom the respondent feared is no longer in Haiti, but is present in the United States, and other information regarding individuals identified in the respondent's relief application who are similarly situated.

Wherefore, in view of the foregoing relevant and probative which was evidence previously unavailable, the DHS requests that this Honorable Court hold a *de novo* hearing and consider termination of the grant of deferral of removal under the CAT.

Respectfully Submitted,

*Leigh Mapplebeck*
Leigh Mapplebeck
Senior Attorney
Immigration and Customs Enforcement
Department of Homeland Security
450 Main Street, Room 483
Hartford, CT 06103

## CERTIFICATE of SERVICE

On February 17, 2017, I, Leigh Mapplebeck served a copy of the attached document to the above named respondent at c/o Inmate # 193138, Corrigan Correctional Center, 986 Norwich-New London Turnpike, Uncasville, CT 06382, by first class mail.

*Leigh Mapplebeck*
Leigh Mapplebeck
Senior Attorney
Department of Homeland Security
450 Main Street – Room 483
Hartford, CT 06103

3