# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## (BOSTON DIVISION)

| | |
|---|---|
| MARK ANTHONY REID,           ) | |
|           ) | |
| on behalf of himself and others     ) | |
| similarly situated,         ) | |
|           ) | |
|     Petitioners/Plaintiffs,    ) | |
|           ) | Civil No. 3:13-cv-30125-PBS |
| v.           ) | |
|           ) | |
| CHRISTOPHER DONELAN, SHERIFF,   ) | |
| FRANKLIN COUNTY, MASS., ET AL.,   ) | |
|           ) | |
|     Respondents/Defendants.   ) | |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR A STAY OF BRIEFING AND DISCOVERY IN LIGHT OF LAPSE OF APPROPRIATIONS

Defendants seek a stay of briefing on Plaintiffs' motion by Leo Felix Charles for writ of habeas corpus ("habeas petition") (ECF No. 430), currently due on February 15, 2019 (ECF No. 429), and of the limited discovery period, which is currently scheduled to end on March 15, 2019 (ECF No. 420), in light of the December 21, 2018, lapse in funding for executive agencies of the federal government, including the Department of Justice ("DOJ") and the U.S. Department of Homeland Security, of which Defendant U.S. Immigration and Customs Enforcement ("ICE") is a component. Although cognizant of the importance of the issues at stake in this litigation, Defendants respectfully submit this case does not present an "emergenc[y] involving the safety of human life" invoking an exception to the Antideficiency Act, 31 U.S.C. § 1342.[1]

---

[1] If Congress does not pass any bills appropriating money for the executive branch and the various government agencies, the executive branch cannot spend money to pay its workers or sustain operations, thereby committing Congress to make future remuneration. 2 U.S. Gov't Accountability Office, GAO-06-382SP, Principles of Federal Appropriations Law W 6-34 (3d ed. 2006) ("GAO Principles"); *see* Darrell Curren, Government Contracting in the Shadow of the October 2013 Federal Government Shutdown, 44 Pub. Cont. L.J. 349, 367 (2015). Accordingly,

In Plaintiffs' opposition to Defendants' motion to stay (ECF No. 435 at 3), Plaintiffs rely on guidance the Attorney General issued in 1981 as to what constitutes "emergencies involving the safety of human life or the protection of property," but fail to note that a subsequent statutory amendment and agency guidance have superseded the 1981 guidance in this regard.

In 1981, the Attorney General propagated guidance eschewing the need to show absolute necessity for circumstances implicating the emergency exception under 31 U.S.C. § 1342. *See* 1981 Guidance at 302 (requiring, first, "some reasonable and articulable connection between the function to be performed and the safety of human life or the protection of property" and, second, "some reasonable likelihood that the safety of human life or the protection of property would be compromised, in some degree, by delay in the performance of the function in question."); *id*. at 304 (noting that the Bureau of the Budget and of the Office of Management and Budget had granted dozens of deficiency reapportionments in the preceding thirty years and in doing so "ha[d] apparently imposed no test more stringent than the articulation of a reasonable relationship between the funded activity and the safety of human life or the protection of property."). Plaintiffs should have informed this Court that Congress, however, amended 31 U.S.C. § 1342 in 1990, by adding the following sentence:  "As used in this section, the term 'emergencies involving the safety of human life or the protection of property' does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property."  Omnibus Budget Reconciliation

---

the Antideficiency Act prohibits work by federal officers, even on a voluntary basis, except in very limited circumstances divided into two broad categories:  (1) obligations "authorized by law;" and (2) "emergencies involving the safety of human life or the protection of property" pursuant to 31 U.S.C. § 1342.  *See* GAO Principles at 6-149 through 6-151 (surveying categories of excepted activities).

Act of 1990, Pub. L. No. 101-508, § 13213(b), 104 Stat. 1388, 1388-621 (Nov. 5, 1990). The

conference report on the 1990 legislation specifically explained the intent:

> The conference report also makes conforming changes to title 31 of the United
> States Code to make clear that . . . ongoing, regular operations of the Government
> cannot be sustained in the absence of appropriations, except in limited
> circumstances. *These changes guard against what the conferees believe might be*
> *an overly broad interpretation of an opinion of the Attorney General issued on*
> *January 16, 1981, regarding the authority for the continuance of Government*
> *functions during the temporary lapse of appropriations*, and affirm that the
> constitutional power of the purse resides with Congress.

H.R. Conf. Rep. No. 101-964, at 1170 (1990) (emphasis added).

In 1995, the DOJ Office of Legal Counsel updated its guidance to reflect the explicit

narrowing of the emergency exception in the 1990 amendment while at the same time retaining

the other aspects of the Attorney General's 1981 Memorandum. *See Memorandum for the*

*Director of the Office of Management and Budget, Government Operations in the Event of a*

*Lapse in Appropriations*, 1995 WL 17216091, at *1 (O.L.C. Aug. 16, 1995) (discussing effects

of the 1990 amendment and reinforcing narrow interpretation of the emergency exception to

apply only in the case of an imminent threat or set of circumstances requiring immediate action).

Since then, the emergency exception has been rarely invoked and only in situations where

suspension of an emergency function presents an imminent danger.[2]

Consistent with these principles, ICE retained employees during the current lapse in

appropriations in order to staff facilities where aliens are detained. DHS, Procedures Relating to

a Lapse in Appropriations, at 35-37 (Dec. 17, 2018). Failure to provide stopgap resources for the

---

[2] *See* Memorandum for the General Counsel, United States Marshals Service, Continuation of
Federal Prisoner Detention Efforts in the Face of a USMS Appropriation Deficiency, 2000 WL
33155726, at *4 (O.L.C. Apr. 5, 2000) (affirming and discussing at length the Aug. 16, 1995
opinion); *see also* GAO Red Book (citing OMB Circular No. A-11, Preparation, Submission, and
Execution of the Budget, § 124.1 (a) (June 21, 2005) (discussing Aug. 16 1995 opinion).

care and well-being of detained individuals would unquestionably result in imminent danger to human life and safety.  Respectfully, however, whether the "government can allocate resources during the shutdown to staff the facilities in which Plaintiffs are detained," is unrelated to whether Defendants may commit resources to litigation *discovery* in direct contravention of the plain statutory language and interpretive guidance demanding an imminent, actual danger to human life or property.  *See* 31 U.S.C. §§ 1341-1342.

Furthermore, Plaintiffs also fail to inform the Court that on January 7, 2019, the district court that denied the government's similar stay motion in *O.A. v. Trump*, No. 18-2718 (D.D.C. Dec. 27, 2018) (ECF No. 435 at 3),  reversed its denial and stayed that litigation. *See* Minute Order, *O.A.*, No. 18-2718 (Jan. 7, 2019). [3] Additionally, a stay of proceedings here does not deprive Plaintiffs of an opportunity to pursue relief from removal in immigration proceedings within the United States.

---

[3] Significantly, a number of federal courts around the country have issued blanket stays in civil cases to which the federal government is a party. *See e.g.* Third Circuit Court of Appeals ("Deadlines for filings by federal government agencies in non-emergency cases will be suspended during the government shutdown. New deadlines will be established once the government shutdown has ended."), available at https://www.ca3.uscourts.gov/; Southern District of Ohio, Standing Order 18-02 Amended (Jan. 9, 2019) ("all civil litigation involving as a party the United States of America… and/or any other party represented by the Department of Justice or the United States Attorney's Office is immediately suspended, postponed and held in abeyance continuing for a period of twenty-eight (28) days from December 26, 2018"); District of New Jersey, Standing Order No. 18-4 (Dec. 27, 2018) (all civil litigation [other than pending social security cases] "involving as a party the United States of America … and/or any other party represented by the Department of Justice or the United States Attorney's Office is immediately suspended, postponed and held in abeyance continuing either (1) until the federal government is funded through congressional appropriation or (2) for a period of thirty (30) days from the date of entry of this Order, whichever comes sooner"), amended by Amendment to Standing Order 18-4 (Jan. 7, 2019) (excepting from the order, inter alia, actions brought by immigration detainees under 28 U.S.C. § 2241); Northern District of Illinois, Amended General Order 18-0028 (Jan. 8, 2019) ("all civil litigation involving as a party the United States of America… and/or any other party represented by the Department of Justice or the United States Attorney's Office is immediately suspended, postponed, and held in abeyance continuing until funding for federal government operations is fully restored.").

Finally, although Defendants are presently making best efforts to comply with the Court's discovery orders, they have been delayed due to circumstances beyond their control and will not be able to meet the Court's fast-approaching deadlines.  If the Court does not grant this stay request, Defendants alternatively request a modified schedule.  Importantly, ICE informs undersigned counsel, that if the stay is denied, ICE will have to recall each employee to work on this case, which takes submitting a memo for approval up to the DHS Under Secretary for Management and takes 48 hours minimum to get approval.[4]

As noted by in Defendants' stay request (ECF No. 434), the Office of Immigration Litigation, District Court Section, continues to monitor the situation resulting from the lapse in appropriations and must make the stay request for cases on an as-needed basis, since DOJ does not know when funding will be restored by Congress. Although we greatly regret any disruption caused to the Court this case is one of many that have been affected by the lapse in appropriations, and Department of Justice attorneys are not permitted to resume their usual civil litigation functions. Thus, the Defendants request a stay of briefing on Plaintiffs' motion by Leo Felix Charles for writ of habeas corpus and for a stay of the limited discovery period, in this case.

---

[4] Although the Court ordered *limited* discovery in this case on October 23, 2018, Defendants disagree with Plaintiffs' characterization of the discovery disputes between the parties in this case.  As a threshold matter, Defendants dispute that a "formal discovery request" was served on Defendants on October 3, 2019 – twenty days before discovery was even authorized by this Court. Additionally, Defendants have not agreed to provide "discovery similar" to any discovery purportedly provided in another case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

COLIN A. KISOR
Deputy Director, District Court Section
Office of Immigration Litigation

*/s/ Elianis N. Perez*
ELIANIS N. PEREZ
Assistant Director
U.S. Department of Justice
Civil Division
Office of Immigration Litigation —
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC  20044
Tel: (202) 616-9124
Fax: (202) 305-7000
Email: elianis.perez@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE
Case No.: No. 3:13-cv-30125-PBS

I hereby certify on January 23, 2019, I filed the foregoing on the CM/ECF for the District

of Massachusetts.  All parties are registered CM/ECF users and were served electronically.


*/s/ Elianis N. Perez*
ELIANIS N. PEREZ
Assistant Director
U.S. Department of Justice
Civil Division
Office of Immigration Litigation —
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC  20044
Tel: (202) 616-9124
Fax: (202) 305-7000
 Email: elianis.perez@usdoj.gov