# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS
# (BOSTON DIVISION)

|  |  |
|---|---|
| MARK ANTHONY REID,<br><br>on behalf of himself and others similarly situated,<br><br>    Petitioners/Plaintiffs,<br><br>    v.<br><br>CHRISTOPHER DONELAN, SHERIFF,<br>FRANKLIN COUNTY, MASS., ET AL.,<br><br>    Respondents/Defendants. | C.A. No. 3:13-cv-30125-PBS |

## RESPONDENTS' NOTICE OF PETITIONER'S RELEASE

Respondents file this Notice of Petitioner Leo Felix Charles' release. In an exercise of discretion pursuant to 8 U.S.C. § 1231(a), on February 14, 2019, Immigration and Customs Enforcement (ICE) released Mr. Charles on an Order of Supervision (OSUP). *See* Declaration of Robert Sousa, dated February 15, 2019, at ¶ 9 ("Sousa Decl.") (Attached as Res. Exh. 1). Accordingly, the parties agree that Mr. Charles' release from immigration custody render his habeas claims moot (ECF No. 430). Thus, the parties request the Court to dismiss Mr. Charles' habeas petition. In support of this Notice, Respondents state as follows:

1. Mr. Charles, a native and citizen of Haiti, was admitted to the United States in May 1982, on a B-2 non-immigrant visitor visa, with authorization to remain in the United States for a temporary period not to exceed six months. Mr. Charles, however, remained in the United States after the expiration of his visa without authorization.

2. In February 1999, while in the custody of the Connecticut Department of Corrections, ICE served Mr. Charles with a Notice to Appear, and placed Mr. Charles in removal

proceedings.[1]  Sousa Decl. ¶ 4.

3. On January 9, 2003 Mr. Charles was ordered removed from the United States under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as an alien who entered the United States as a visitor and remained for a time longer than permitted.  Sousa Decl. ¶ 5.  The immigration judge, however, granted Mr. Charles Deferral of Removal under the Convention Against Torture.  8 C.F.R. § 1208.17.  Sousa Decl. ¶ 5.  When Charles was released from state prison to parole on February 24, 2010, ICE did not take him into immigration custody due to the grant of deferral of removal.

4. Mr. Charles next came to the attention of immigration officials in August of 2013 while he was detained by the state of Connecticut on pending criminal charges.  Sousa Decl. ¶ 6.  In March of 2017, while Mr. Charles was serving this criminal sentence for Assault in the First Degree in violation of C.G.S. §53a-59, ICE's Office of the Principal Legal Advisor filed a motion to reopen the 2003 grant of deferral of removal.  Sousa Decl. ¶ 6.  The immigration judge granted ICE's motion to reopen the grant of Mr. Charles' deferral of removal.  Sousa Decl. ¶ 6.  Mr. Charles was released from criminal custody on February 2, 2018 and for the first time, entered immigration custody.  Sousa Decl. ¶ 7.

5. On February 22, 2018 the immigration judge denied Mr. Charles' application for deferral of removal pursuant to the Convention Against Torture.  Sousa Decl. ¶ 8.  On October 3, 2018, the Board of Immigration Appeals dismissed Mr. Charles's appeal. On October 19, 2018, Mr. Charles filed a Petition for Review of the Board of Immigration Appeals order and a Motion

---

[1] Mr. Charles was placed into removal proceedings on the immigration court's Institutional Hearing Program ("IHP"), which allows immigration hearings to take place while an alien is still serving a state or federal prison sentence to minimize the amount of time they spend in immigration detention once they are released from criminal detention. Sousa Decl. ¶ 4.

to Stay his removal. On December 11, 2018, the Second Circuit Court of Appeals granted Charles a stay of removal. Sousa Decl. ¶ 8.

6. Because the immigration judge only re-opened Mr. Charles' 2003 grant of deferral of removal, Mr. Charles' 2003 final order of removal remains valid. Thus, Respondents deem Mr. Charles to be subject to the provisions of 8 U.S.C. § 1231(a) (Detention and removal of aliens ordered removed, rather than 1226(c)).

7. On February 14, 2018, ICE exercised its discretion to release Mr. Charles on conditions under 8 U.S.C. § 1231(a). Thus, Mr. Charles' habeas claims are now moot.

WHEREFORE, the parties request the Court dismiss Mr. Charles' petition for writ of habeas corpus, with each party to bear its own fees and costs.

Date: February 15, 2019

*/s/ Michael Wishnie (with permission)*

Erin Drake, Law Student Intern
Clare Kane, Law Student Intern
Aseem Mehta, Law Student Intern*
Marisol Orihuela†
Michael Wishnie (BBO# 568654)
Jerome N. Frank Legal Svcs. Org.
P.O. Box 209090
New Haven, CT 06520
Phone: (203) 432-4800
Fax: (203) 432-1426
michael.wishnie@ylsclinics.org

*Counsel for Petitioners*
*Law student appearance forthcoming
† Admitted *pro hac vice*.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

ELIANIS PEREZ
Assistant Director
District Court Section
Office of Immigration Litigation

*/s/ Huy M. Le*
HUY M. LE
M.A. Bar Identification No. 697256
U.S. Department of Justice
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section

        P.O. Box 868, Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 353-4028
        Facsimile: (202) 305-7000
        E-mail: Huy.M.Le2@usdoj.gov

        *Attorneys for Respondents*

\* I attest that Petitioners' counsel concurs in this filing's content and has authorized its filing.

        */s/ Huy M. Le*
        By: HUY M. LE
        Trial Attorney

## **CERTIFICATE OF SERVICE**
Civil No. 3:13-cv-30125-PBS

I hereby certify that a true copy of the above Joint Motion for Dismissal was served upon the attorney of record for each other party on February 15, 2019, through the CM/ECF for the District of Massachusetts. All parties are registered CM/ECF participants and were served electronically, as identified on the Notice of Electronic Filing (NEF).

                                                */s/ Huy M. Le*
                                                By: HUY M. LE
                                                Trial Attorney

Date:  February 15, 2019