# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Mark Anthony REID, *et al.*, on behalf of themselves and others similarly situated, <br><br> *Plaintiffs-Petitioners,* <br><br> v. <br><br> Christopher DONELAN, Sheriff, Franklin County, MA, et al., <br><br> *Defendants-Respondents.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 3:13-cv-30125-PBS

April 15, 2019

## STATEMENT OF UNDISPUTED FACTS

Clare Kane, Law Student Intern
Aseem Mehta, Law Student Intern*
Roxana Moussavian, Law Student Intern[*]
Alden Pinkham, Law Student Intern*
Bianca Rey, Law Student Intern*
Michael Tayag, Law Student Intern*
Michael Wishnie (BBO# 568654)
Jerome N. Frank Legal Svcs. Org.
P.O. Box 209090
New Haven, CT 06520
Phone: (203) 432-4800
Fax: (203) 432-1426
michael.wishnie@ylsclinics.org


Ahilan T. Arulanantham[†]
ACLU Immigrants' Rights Project
1313 West 8th Street
Los Angeles, CA 90017
213-977-5211
aarulanantham@aclusocal.org

Anant K. Saraswat (BBO# 676048)
Michelle Nyein (BBO# 685870)
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210
Tel: 617-646-8000
Fax: 617-646-8646
anant.saraswat@wolfgreenfield.com


Michael K.T. Tan[†]
ACLU Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
212-519-7848 (p)
212-549-2654 (f)
mtan@aclu.org

*Counsel for Plaintiffs*
*Law student appearance forthcoming.
[†] Admitted *pro hac vice*.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, Plaintiffs Mark A. Reid *et al.*, on behalf of themselves and others similarly situated, submit the following statement of undisputed facts in support of their Motion for Summary Judgment.

1. Defendants held Class members, including Plaintiffs Robert Williams and Mark Reid, in the custody of U.S. Immigration and Customs Enforcement ("ICE") in Massachusetts or New Hampshire under 8 U.S.C. § 1226(c) for longer than six months without a bond hearing. Dkt. No. 387-11 ¶¶ 2-4.

2. Before the *Reid* injunction and since its vacatur, Defendants held certain individuals in ICE custody under Section 1226(c) for much longer than six months without a bond hearing. Dkt. No. 124-1 ¶ 5 (Mark Reid held for over fourteen months); Dkt. No. 124-3 ¶ 13 (Plaintiff class member held for fourteen months); Dkt. No. 124-2 ¶¶ 4, 8 (Plaintiff class member held for over six months); Dkt. No. 97-2 ¶¶ 4, 9 (Plaintiff class member held for over six months).

**The *Reid* Class**

3. At least 104 individuals detained in Massachusetts had bond hearings pursuant to the injunction entered on May 27, 2014, until the First Circuit vacated that injunction. Pl.'s Ex. 1 ¶ 7 (Declaration of David Hausman).

4. Thirty-seven *Reid* bond hearings resulted in an Immigration Judge granting bond of the hearings for which Plaintiffs were able to determine the outcome. Pl.'s Ex. 1 ¶ 14 (Hausman Decl.).

5. In the 37 *Reid* bond hearings in which bond was set, an IJ had determined that the individual would not pose a danger or flight risk if released on the bond that was set. Pl's Ex. 1 ¶ 15 (Hausman Decl.).

6. Additionally, 12 *Reid* class members were released under orders of supervision or orders of recognizance. Pl's Ex. 1 ¶ 15 (Hausman Decl.).

7. The Institutional Hearing Program allows the government to initiate and complete removal proceedings while individuals are in criminal custody, so these individuals may be subject to a removal order and amenable to immediate removal upon the conclusion of their criminal sentence. Such individuals are unlikely to enter immigration detention. Dkt. No. 387-5 ¶ 5.

8. In the year before the implementation of the *Reid* injunction, the median length of cases in Hartford or Boston Immigration Court for individuals subject to Section 1226(c) detention who were detained for more than 180 days was 352 days, excluding individuals in the Institutional Hearing Program.  Dkt. No. 387-5 ¶ 8.

9. In the year before the implementation of the *Reid* injunction, 27% of all individuals in Hartford or Boston Immigration Court (excluding individuals in the Institutional Hearing Program) whose cases lasted more than 180 days obtained relief or termination, while only 15% of all individuals detained throughout their proceedings obtained relief or termination. Dkt. No. 387-5 ¶ 9.

10. Meritorious immigration cases can extend for many months and even years. For example, Lead Plaintiff Mark Reid has been in removal proceedings continuously for nearly six years, since November 13, 2012. Dkt. No. 387-6 ¶¶ 4, 18.

11. The median length of detention for the 104 class members was 363.5 days. Pl's Ex. 1 ¶ 8 (Hausman Decl.).

12. Defendants detained one *Reid* class member for three and a half years before they terminated his removal proceedings and released him. Defendants likewise detained

2

another *Reid* class member for over four years before they terminated his removal

proceedings and released him. Pl's Ex. 1 ¶ 8 (Hausman Decl.).

13. Immigration detention causes personal hardships, including separation from one's

children, adult family, and friends. Dkt. No. 387-11 ¶¶ 13-16 (Plaintiff Robert Williams

faced negative psychological effects from family separation); Dkt. No. 387-3 ¶¶ 12-13

(Plaintiff Leo Felix Charles worried about his family's safety); Dkt. No. 387-10 ¶¶ 4-5,

11-13 (Plaintiff class member's daughter harmed by his absence); Dkt. No. 387-9 ¶¶ 10-

12 (Plaintiff class member harassed, unable to stay in regular contact with family

members, and unable to access needed healthcare); Dkt. No. 387-4 ¶ 10 (Plaintiff class

member worried about wife's well-being).

14. Conditions of ICE detention impair class members' abilities to prepare their immigration

cases, including making it difficult for them to retain counsel, contact and consult with

their counsel, conduct legal research, access their legal files, locate documents from

family members, and mail legal filings. Dkt. No. 387-11 ¶¶ 17-19; Dkt. No. 387-10 ¶¶ 6-

8; Dkt. No. 387-9 ¶¶ 5-7; Dkt. No. 387-4 ¶¶ 11, 14.

**ICE Detention**

15. In New Hampshire, ICE holds Section 1226(c) detainees at the Strafford County Jail in

Dover. Dkt. No. 387-7 ¶¶ 10-12; Dkt. No. 387-7-A (Strafford Compliance Report).

16. The immigration detention facility at Strafford County Jail can hold approximately 130

detainees at one time. Dkt. No. 387-7 ¶ 11.

17. The Executive Office of Immigration Review ("EOIR") does not provide bond hearings

at the six-month mark to individuals detained under Section 1226(c) in New Hampshire.

Dkt. No. 387-7 ¶ 13.

18. ICE's Office of Enforcement and Removal Operations ("ERO") holds detainees at the Strafford County Jail pursuant to a contract that is under the oversight of the ICE Boston Field Office Director ("FOD"). Dkt. No. 387-7 ¶ 10.

19. Since 2008, Strafford County Department of Corrections and the Strafford County Sheriff's Office have provided detention and transportation services to ICE ERO. Pl.'s Dkt. No. 387-7 ¶¶ 6-9.

20. ICE sometimes transfers individuals between New Hampshire and Massachusetts detention facilities as they approach or pass six months in detention, making it difficult for immigration attorneys to file habeas petitions or secure bond hearings on their behalf. Dkt. No. 387-7 ¶¶ 14-15.

21. ICE increased the number of detainees held at Strafford between 2017 and 2018. Dkt. No. 387-7 ¶ 16.

22. The average cost of ICE detention is $123.86 per person per day, not including payroll. Dkt. No. 387-8 ¶ 18.

23. The cost of supervision as an alternative to detention is no greater than $14 per person per day, and perhaps lower. Dkt. No. 387-8 ¶ 19.

24. In *Demore v. Kim*, the Court noted that in removal cases under Section 1226(c) in which the respondent appealed to the Board of Immigration Appeals, detention lasted "about five months." *Demore v. Kim*, 538 U.S. 510, 529 (2003). The government later acknowledged that the Court's calculation, based on the government's representations, substantially understated the average time these individuals were detained under Section 1226(c) and that the average length of detention was 382 days. Dkt. No. 387-8 ¶ 20.

**Plaintiff Mark Reid**

25. Defendants detained Mr. Reid for over fourteen months before he received a bond hearing on February 3, 2014. Dkt. No. 387-6 ¶¶ 4-6.

26. At Mr. Reid's bond hearing, Immigration Judge Philip Verrillo set bond for Mr. Reid in the amount of $25,000. Mr. Reid posted bond shortly thereafter and was released. Dkt. No. 387-6 ¶ 6.

27. The Immigration Court has denied Mr. Reid relief under the Convention Against Torture three times, but the Board of Immigration Appeals ("BIA") has reversed and remanded after each denial. On December 28, 2017, the Immigration Judge concluded that Mr. Reid did not commit an aggravated felony, opening up alternative avenues for Mr. Reid to secure immigration relief. Dkt. No. 387-6 ¶¶ 7-17.

28. On October 16, 2018, ICE filed an amended Notice to Appear newly charging Mr. Reid with Crimes Involving Moral Turpitude. Pl.'s Ex. 2 ¶ 2 (Declaration of Clare Kane).

29. By the time of Mr. Reid's next individual hearing, he would have spent over six years in removal proceedings. Dkt. No. 387-6 ¶ 18.

**Plaintiff Robert Williams**

30. Robert Williams entered the United States from Jamaica as a lawful permanent resident in 2005. Dkt. No. 387-11 ¶¶ 5-6.

31. Prior to his detention by ICE, Mr. Williams lived in Bridgeport, CT and worked as a pastry chef. Dkt. No. 387-11 ¶¶ 8-9.

32. Mr. Williams has many U.S. citizen and lawful permanent resident family members, and he is close with many of them, including his nine-year-old nephew and his six-year-old niece. Dkt. No. 387-11 ¶ 12.

33. Defendants detained Mr. Williams in Massachusetts immediately after he served a one-year sentence for unlawful possession of a firearm. Mr. Williams did not concede removability. Dkt. No. 387-11 ¶¶ 3, 7.

34. Mr. Williams entered the *Reid* class on June 6, 2018 after Defendants detained him under Section 1226(c) for six months. Dkt. No. 387-11 ¶¶ 2-3.

35. Mr. Williams was scheduled to have a *Reid* bond hearing on June 14, 2018, but the Immigration Judge declined to hold his calendared bond hearing for lack of jurisdiction following the First Circuit's May 11, 2018 order vacating the *Reid* injunction. Dkt. No. 387-11 ¶ 4.

36. Detention took an emotional toll on Mr. Williams, who hoped to return to his family and friends in Bridgeport, CT while he fought his immigration case. Dkt. No. 387-11 ¶¶ 13-16.

37. Detention impaired Mr. Williams's ability to adequately prepare for his immigration case. He had trouble contacting and meeting with his attorney while held in immigration detention. Dkt. No. 387-11 ¶¶ 17-19.

38. Mr. Williams requested that his attorney not file a stay or removal on his behalf because he preferred removal to remaining in immigration detention. Pl.'s Ex. 3 ¶ 4 (Declaration of Elyssa Williams). By this time, ICE had imprisoned Mr. Williams under § 1226(c) for nearly eleven months without any process to determine if that detention was justified. Pl.'s Ex. 2 ¶ 3.

39. Mr. Williams continues to actively contest removal. His Petition for Review appealing for termination of proceedings and cancellation of removal is currently pending before the Second Circuit. *Williams v. Barr*, No. 18-cv-2535 (2nd Cir. 2019); Pl.'s Ex. 3 ¶ 3.

**Plaintiff Leo Felix Charles**

40. Defendants detained Leo Felix Charles in Franklin County Jail and House of Correction beginning on or about February 2, 2018 until February 14, 2019. Dkt. No. 387-3 ¶ 6; Dkt. No. 443 ¶ 7.

41. Mr. Charles came to the United States from Haiti in 1982 on a nonimmigrant visa. Dkt. No. 387-3 ¶ 2.

42. After arriving in the United States, Mr. Charles worked at auto body shops. He learned how to fix cars from reading and from observing other mechanics. He most recently worked at an auto body shop in Bridgeport, CT. Dkt. No. 387-3 ¶ 16.

43. Mr. Charles taught himself English after his arrival, attended church in the United States, and spent time with his girlfriend and family in Bridgeport, CT. Dkt. No. 387-3¶ 16.

44. He was convicted of a drug offense in 1998, for which he was incarcerated for eleven years. Dkt. No. 387-3 ¶ 3.

45. In 2003, an Immigration Judge granted Mr. Charles relief under the Convention Against Torture. Dkt. No. 387-3 ¶ 5.

46. In 2013, he was convicted of first-degree assault, for which he served five years. He was then transferred directly to ICE custody. Dkt. No. 387-3 ¶ 6.

47. In 2018, an Immigration Judge terminated his Convention Against Torture deferral of removal on a DHS motion and ordered him removed. Dkt. No. 387-3 ¶ 7.

48. On February 23, 2018, Mr. Charles filed an appeal and motion for stay of removal. Dkt. No. 387-3 ¶ 8.

49. Mr. Charles has multiple complex medical needs, including diabetes, high blood pressure, acid reflux, and nerve and kidney damage. Additionally, he suffers from a range of other conditions, including scoliosis, osteoarthritis, and back problems that have required spinal fusion surgery. Dkt. No. 430-1 ¶¶ 15-16.

50. While in ICE detention, Mr. Charles had limited access to proper medical care. He did not receive the knee replacement surgery or spinal surgery that would restore his ability to walk. Dkt. No. 430-1 ¶¶ 14, 17.

51. While in ICE detention, Mr. Charles was confined to a wheelchair, despite medical instructions that he use the wheelchair sparingly because excessive use is deleterious to his back. Dkt. No. 430-1 ¶¶ 18-19.

52. The detention center did not accommodate the diet that Mr. Charles's doctors ordered. As a result, Mr. Charles was only able to eat the cereal he received with his insulin and the tuna and peanut butter he purchased from the commissary. Dkt. No. 430-1 ¶¶ 23-24.

53. Defendants deemed Mr. Charles subject to 8 U.S.C. § 1231(a) and exercised its discretion under that statute to release him on February 14, 2019. Dkt. No. 443 ¶ 7. Since then, he has returned to his family in Bridgeport, CT, become an active member of a community organization, and has received medical treatment for his disabilities that have resulted in significant improvements in his quality of life. Pl.'s Ex. 4 ¶ 2-8 (Declaration of Leo Felix Charles).

54. Mr. Charles continues to contest his removal in a petition for review. Dkt. No. 430-4 ¶¶ 10-11.

**Released *Reid* Class Member Arnoldo Rodriguez**

55. Defendants detained *Reid* class member Arnoldo Rodriguez from July 2016 until his release after a *Reid* bond in February 2018. Dkt. No. 387-10 ¶¶ 1-2.

56. Mr. Rodriguez's children and grandchildren suffered tremendously while he was detained. Mr. Rodriguez's 12-year-old daughter, who has a learning disability, struggled and was bullied in school while her father was detained. His release after a *Reid* bond

hearing has allowed him to support his family and help raise his children while he contests his removal case. Dkt. No. 387-10 ¶¶ 3-5, 11-15.

57. Additionally, the conditions of detention burdened Mr. Rodriguez's ability to successfully contest his case. In detention, he had difficulty contacting immigration lawyers and explaining his case to them. He could only speak with attorneys if they chose to accept his calls. He could not leave voicemails or use telephone menus. Mr. Rodriguez ultimately chose a lawyer who made serious errors in his case, leading to an erroneous order of removal and a First Circuit remand to the BIA. Dkt. No. 387-10 ¶¶ 6-9.

**Released *Reid* Class Member Guerlie Pierre**

58. Defendants detained *Reid* class member Guerlie Pierre for twenty months from August 2013 until she was released after a *Reid* bond hearing in April 2015. Dkt. No. 387-9 ¶¶ 3, 9. Ms. Pierre's health deteriorated significantly while in detention. Dkt. No. 387-9 ¶ 12.

59. In addition, it was very difficult for Ms. Pierre to contest her removal *pro se* while she was detained. She was unable to do research because of a lack of resources. She did not have enough money in her account to call her family to get documents for her case, and she was unable to access her legal files because she was transferred to four detention centers in the twenty months that she was under ICE custody. She could not mail documents to the immigration court because of a lack of supplies. Dkt. No. 387-9 ¶¶ 3-7.

60. Ms. Pierre's detention resulted in extreme hardship for her children. Since her release, she has been able to support her family and is able to see her children every day. Dkt. No. 387-9 ¶¶ 11, 13-14.

61. Ms. Pierre continues to fight her immigration case with the help of counsel. Dkt. No. 387-9 ¶¶ 16.

62. Ms. Pierre's case is pending before an immigration judge and her next court date is in July 2019. Dkt. No. 387-9 ¶ 17.

**Released *Reid* Class Member Jihad Georges**

63. Defendants detained *Reid* class member Jihad Georges in June 2017 after serving an 18-month sentence for arson. Dkt. No. 387-4 ¶¶ 5-6.

64. Mr. Georges came to the United States from Lebanon in 2001 and became a lawful permanent resident in 2008 Dkt. No. 387-4 ¶ 2.

65. Mr. Georges suffered greatly in detention. In October 2017, he was being driven from detention to his hearing when the driver of the ICE van sped recklessly and crashed the van. He was severely injured, suffering a brain hemorrhage, a broken spine, and a broken knee. He spent two months in the hospital recovering and then was returned to immigration detention. He stayed in the jail clinic for the first two months, but it was challenging for him to recover while incarcerated. Dkt. No. 387-4 ¶¶ 7-9.

66. Mr. Georges received a bond hearing in early May 2018 and was released on bond. He has returned home to his U.S. citizen wife and accessed much-needed medical care. Dkt. No. 387-4 ¶ 12, 15-16.

Date: April 15, 2019

Respectfully submitted,

By: /s/  Michael J. Wishnie
Michael J. Wishnie (BBO# 568564)

## CERTIFICATE OF SERVICE

I hereby certify that, on April 15, 2019, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of this court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

Date:   April 15, 2019

Respectfully submitted,

/s/ Michael J. Wishnie
Michael J. Wishnie (BBO# 568654)
Jerome N. Frank Legal Services
Organization
P.O. Box 209090
New Haven, CT 06520
P: (203) 432-4800
F: (203) 432-1426