# EXHIBIT 3

## DECLARATION OF DEPORTATION OFFICER
## JEFFREY P. SCHUNDER

Pursuant to the authority of 28 U.S.C. § 1746, I, Jeffrey P. Schunder, a Deportation Officer for U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations ("ICE"), declare as follows:

1. I am a Deportation Officer in Hartford, Connecticut for U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations ("ERO").

2. Included in my official duties as a Deportation Officer is the responsibility for the managing, monitoring, scheduling and execution of removal orders for aliens in ICE custody. I have served in my current position as a Deportation Officer for approximately seven years. In total, I have more than ten years of experience related to federal immigration law. I am familiar with ICE policies and procedures for carrying out removal orders and have experience utilizing ICE record systems to obtain information regarding specific aliens.

3. I have examined the official ICE records available to me regarding Mark Reid, ("Reid") Administrative File No.      579. I was assigned to Reid's case on or about August 30, 2017. I have examined ICE official records, including the Enforce Alien Removal Module ("EARM") and PLAnet. EARM is the ICE electronic database utilized by ERO to maintain information regarding the custody and removal status of aliens. ("PLAnet") is the ICE electronic database maintained by ICE's Office of the Principal Legal Advisor as a case and document management system. I have examined the Person Centric Query System ("PCQS") a database that acquires information from both inside and outside ICE. These databases are the electronic records ordinarily relied

1

upon to ascertain an alien's immigration history, current case status, and plans for removal, if any. I have also examined Reid's criminal history.

4. Reid first came to the attention of immigration officials in October of 2011 while he was incarcerated by the Connecticut Department of Correction at Carl Robinson Correctional Institute in Enfield, Connecticut. At the time of encounter, Reid was serving a prison sentence in the State of Connecticut related to convictions in 2010 for Sale of a Narcotic Substance and Conspiracy to Commit Burglary Third Degree. Reid also had a 2002 conviction in Connecticut for possession of heroin. ICE served Reid a Notice to Appear on November 13, 2012, placing him into removal proceedings.

5. Reid came into ICE custody on November 13, 2012.

6. Pursuant to the Judge Ponsor's January 9, 2014, Order (ECF No. 80), on February 3, 2014, an immigration judge conducted the bond hearing ordered by the court and granted Reid release from custody on bond of twenty-five thousand dollars ($25,000), along with other conditions of release. On February 25, 2014, Reid posted bond and was released from ICE custody. Mr. Reid has not returned to ICE custody since his release on bond. Since his release on bond on February 25, 2014, Mr. Reid's removal proceedings have proceeded on a non-detained docket with the immigration court.

7. On April 5, 2013, the immigration judge denied Reid's application for discretionary relief from removal. Reid filed a Notice of Appeal to the Board of Immigration Appeals ("Board") on May 5, 2013. He filed his opening brief with the Board on July 11, 2013, and DHS filed its brief on July 30, 2013.

8. On October 23, 2013, the Board remanded the case for further proceedings on one of Reid's potential grounds for relief from removal. The immigration judge then

denied Reid's applications for relief from removal on December 17, 2013. Reid filed his notice of appeal with the Board on January 16, 2014.

9. After briefing on Reid's appeal to the Board, on or about December 24, 2014, the Board remanded the removal proceedings to the immigration judge to properly apply evidence contained in the record to Reid's case.

10. The immigration judge held a hearing on April 2, 2015 and granted Reid's request for further briefing on his eligibility for relief.

11. On or about November 4, 2015, the immigration judge denied Reid's application for protection under the Convention Against Torture. Reid appealed this decision to the Board of Immigration Appeals.

12. On or about November 7, 2016, the Board remanded the record to the immigration judge for further proceedings to consider changed country conditions in Jamaica.

13. On or about December 13, 2016, the immigration judge held a hearing to set a future date for submission of updated background materials on country conditions in Jamaica and for any motion to terminate proceedings.

14. On or about May 24, 2017, the immigration court held a hearing to discuss removability and a motion to terminate filed by Reid based on whether Reid remained removable for having been convicted of a drug trafficking offense. The case was reset by the immigration court to September 6, 2017 for a decision on termination or to set a date for the merits hearing.

15. On or about September 6, 2017, the immigration judge held a hearing to discuss removability issues and the motion to terminate and then reset the case to October

17, 2017.

16. On or about October 17, 2017, the immigration judge held a merits hearing and advised the parties he would issues a written decision on removability.

17. On December 28, 2017, the immigration judge issued a written decision denying Reid's motion to terminate finding that he continued to be removable.

18. On or about January 31, 2018, the immigration judge held a hearing where Reid's counsel asked for more time so that the Board could consider his interlocutory appeal of the immigration judge's decision on the motion to terminate. The immigration judge granted the continuance until April 13, 2018.

19. On or about April 13, 2018, the immigration judge held a hearing to discuss when the parties would be ready for a merits hearing and to set deadlines for parties' submissions for a future merit hearing on CAT, Withholding, Cancellation of Removal and Asylum.

20. On or about December 18, 2019, the immigration judge extended the briefing deadlines, due to the impending government shutdown, on whether Mr. Reid's convictions remained crimes involving moral turpitude.

21. On or about February 7, 2019, the immigration judge reset deadlines for the parties to submit and briefs to February 28, 2019.

22. On or about March 26, 2019, a Connecticut District Court issued a felony arrest warrant for Mr. Reid charging Threatening 1st degree, Threatening 2nd degree and Breach of Peace in the 2nd degree. Bond was set at $25,000 and extradition was authorized. The disposition of this matter remains pending and has a hearing scheduled for April 29, 2019.

23. On or about April 2, 2019, Massachusetts State Police arrested Reid while driving and charged him with Possession of a Class B substance (cocaine); fugitive from justice and speeding. Bail was set at $5000.

24. As of the date of this declaration, Mr. Reid is detained at the Worcester County Jail in Massachusetts awaiting extradition to Connecticut on his felony warrant.

25. On or about April 9, 2019, the Immigration Judge held a hearing to discuss Reid's' motion to dismiss an additional charge of removability. The immigration court continued the case until June 20, 2019 for Reid's counsel to resolve his inability to attend future hearings due to pending criminal charges.

I declare under penalty of perjury that the foregoing is true and correct.

Signed on the ___15___ day of April 2019,

_____
Jeffrey P. Schunder
Deportation Officer
Department of Homeland Security
Immigration and Customs Enforcement