# EXHIBIT 4



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 20530*

| | |
|---|---|
| **Amber Nicole Hallett, Esquire**<br>**Jerome N. Frank Legal Services**<br>**Organization**<br>**127 Wall Street**<br>**New Haven, CT 06511** | **DHS/ICE Office of Chief Counsel - HAR**<br>**P. O. Box 230217**<br>**Hartford, CT 06123-0217** |

**Name: REID, MARK ANTHONY**          ███-579

**Date of this notice: 12/29/2014**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

**Panel Members:**
Wendtland, Linda S.

Userteam: Docket



U.S. Department of Justice

Executive Office for Immigration Review

Board of Immigration Appeals
Office of the Clerk

5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 20530

REID, MARK ANTHONY
█████████████
NEW HAVEN, CT 06511

DHS/ICE Office of Chief Counsel - HAR
P. O. Box 230217
Hartford, CT 06123-0217

Name: REID, MARK ANTHONY                    ████████579

Date of this notice: 12/29/2014

Enclosed is a copy of the Board's decision in the above-referenced case. This copy is being provided to you as a courtesy. Your attorney or representative has been served with this decision pursuant to 8 C.F.R. § 1292.5(a). If the attached decision orders that you be removed from the United States or affirms an Immigration Judge's decision ordering that you be removed, any petition for review of the attached decision must be filed with and received by the appropriate court of appeals within 30 days of the date of the decision.

Sincerely,

Donna Carr

Donna Carr
Chief Clerk

Enclosure

Panel Members:
Wendtland, Linda S.

Userteam:

**U.S. Department of Justice**  
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 20530

---

File: ▮▮▮▮▮579 – Hartford, CT        Date:  DEC 29 2014

In re: MARK ANTHONY REID

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: A. Nicole Hallett, Esquire

ON BEHALF OF DHS:  John P. Marley  
                   Senior Attorney

CHARGE:

    Notice:  Sec.  237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -  
                        Convicted of aggravated felony

          Sec.  237(a)(2)(B)(i), I&N Act [8 U.S.C. § 1227(a)(2)(B)(i)] -  
                        Convicted of controlled substance violation

APPLICATION: Convention Against Torture

    The respondent, a native and citizen of Jamaica, has applied for protection pursuant to the Convention Against Torture (CAT). The respondent's case was last before this Board when, on October 23, 2013, we reversed the Immigration Judge's finding that the respondent did not meet his burden of demonstrating ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ We also remanded the case for the Immigration Judge to determine whether the respondent demonstrated that it is more likely than not that he would face torture in Jamaica by or with the acquiescence of a public official or other person acting in an official capacity. On remand, the Immigration Judge held further hearings and accepted additional documentary evidence. On December 17, 2013, the Immigration Judge denied the respondent's application for CAT protection. The respondent now appeals that decision. We review the Immigration Judge's factual findings for clear error and all other issues de novo. *See* 8 C.F.R. § 1003.1(d)(3). The case will again be remanded.[1]

    On appeal, the respondent argues, *inter alia*, that the Immigration Judge erred by finding that the respondent did not demonstrate that it is more likely than not that he would face torture in Jamaica (I.J. at 15). *See* 8 C.F.R. §§ 1208.16(c) and 1208.18(a).[2] Torture is defined as an

---

[1] Unless otherwise indicated, all references herein to the Immigration Judge's decision refer to the December 17, 2013, decision.

[2] The Equal Rights Trust and the National Immigrant Justice Center, as amici, also argue that the respondent would be tortured in Jamaica by or with the acquiescence of the government.

█████ 579

"extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment." *See* 8 C.F.R. § 1208.18(a)(2). "The regulations place the 'burden of proof on the applicant for withholding of removal to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Pierre v. Gonzales*, 502 F.3d 109, 115 (2d Cir. 2007). The United States Court of Appeals for the Second Circuit has held that an Immigration Judge's determination that a future event will occur is a factual finding that this Board should review under the "clear error" standard. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012).

In this case, the respondent submitted evidence that ████████████



2

579

case to the Immigration Judge to apply the record evidence, including the voluminous background evidence, to the respondent's case. Accordingly, the following order will be entered.

ORDER: The record is remanded to the Immigration Judge for further proceedings consistent with this opinion and the entry of a new decision.

*Linda J. Wendtland*
FOR THE BOARD