# EXHIBIT 5

DECLARATION OF DEPORTATION OFFICER
Derek R. Moore

Pursuant to the authority of 28 U.S.C. § 1746, I, Derek R. Moore, a Deportation Officer for U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations ("ICE"), declare as follows:

1. I am a Deportation Officer in Hartford, Connecticut for U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations ("ERO").

2. Included in my official duties as a Deportation Officer is the responsibility for the managing, monitoring, scheduling and execution of removal orders for aliens in ICE custody. I have served in my current position as a Deportation Officer for three and a half years. I previously worked as an Immigration Enforcement Agent in Hartford, Connecticut for nine years and as a Customs and Border Protection Officer in Champlain, New York for three years. In total, I have more than fifteen years of experience related to federal immigration law. I am familiar with ICE policies and procedures for carrying out removal orders and have experience utilizing ICE record systems to obtain information regarding specific aliens.

3. I have examined the official ICE records available to me regarding Robert Junior Williams, ("Williams") Administrative File No. ███████293. Williams entered ICE custody on December 6, 2017 and was assigned to a detained docket officer. I have examined ICE official records, including the Enforce Alien Removal Module ("EARM") and PLAnet. EARM is the ICE electronic database utilized by ERO to maintain information regarding the custody and removal status of aliens. ("PLAnet") is the ICE electronic database maintained by ICE's Office of the Principal Legal Advisor as a case and document management system. These databases are the electronic records ordinarily relied upon to ascertain an alien's immigration history, current case status, and plans for removal, if any. I have also examined Williams' criminal history and his

1

history with the Connecticut Department of Corrections ("DOC").

4. Williams was admitted to the United States as a Lawful Permanent Resident on October 4, 2005. Williams first came to the attention of immigration officials in December of 2016 while he was being held by the Connecticut Department of Corrections for pending charges of carrying a pistol without a permit, in violation of C.G.S. § 29-35a and for carrying a dangerous weapon in violation of C.G.S. § 53-206. Following conviction on December 8, 2016 and completion of a one year sentence relating to the aforementioned crimes ̶Williams was served a Notice to Appear on December 6, 2017. A review of electronic files shows that Williams was ordered removed from the United States on February 13, 2018 with appeal reserved by Williams.

5. Williams filed appeal of the immigration judge's decision with the Board of Immigration Appeals ("BIA") on March 9, 2018. This appeal was dismissed by the BIA in a decision dated August 2, 2018.

7. Williams filed a Petition for Review of the BIA order on August 27, 2018.

8. Williams was removed from the United States to Jamaica via an ICE operated flight from Alexandria, LA to Jamaica on October 25, 2018.

9. Williams' first arrest in the United States was on September 26, 2011 when he was arrested by the Bridgeport, Connecticut Police Department for sale of drugs near a prohibited place in violation of C.G.S. § 21a-278a(b). Williams plead guilty on February 16, 2012 before the State of Connecticut Superior Court in Bridgeport, CT to a to a substitute information charging him with possession of drugs near a prohibited place in violation of C.G.S. § 21a-279(d) and was ordered to pay a fine of $150.

10. Williams was thereafter arrest by the Bridgeport, Connecticut Police Department on April 25, 2016 and charged with carrying a pistol without a permit in violation of C.G.S. § 29-35(a) and criminal possession of a weapon in violation of C.G.S. § 53a-217. Williams plead guilty on December 8, 2016 before the State of Connecticut Superior Court in Bridgeport, CT to a to a

substitute information charging him with carrying a pistol without a permit in violation of C.G.S. § 29-35(a) and carrying a dangerous weapon in violation of C.G.S. § 53-206. The resulting sentence was five years jail with execution suspended after one year served in addition to five years conditional discharge for carrying a pistol without a permit and three years jail with execution suspended, consecutive, in addition to five years conditional discharge for carrying a dangerous weapon.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Signed on the 12th day of April 2019,

Derek R. Moore
Deportation Officer
Department of Homeland Security
Immigration and Customs Enforcement
Hartford, Connecticut