# EXHIBIT 6

DECLARATION OF DEPORTATION OFFICER
ROBERT SOUSA

Pursuant to the authority of 28 U.S.C. § 1746, I, Robert Sousa, a Deportation Officer for U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations ("ICE"), declare as follows:

1. I am a Deportation Officer in Hartford, Connecticut for U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations ("ERO").

2. Included in my official duties as a Deportation Officer is the responsibility for the managing, monitoring, scheduling and execution of removal orders for aliens in ICE custody. I have served in my current position as a Deportation Officer for three and a half years. I previously worked as an Immigration Enforcement Agent in the Washington Field Office, for six years. In total, I have more than 9 years of experience related to federal immigration law. I am familiar with ICE policies and procedures for carrying out removal orders and have experience utilizing ICE record systems to obtain information regarding specific aliens.

3. I have examined the official ICE records available to me regarding Leo Felix Charles, ("Charles") Administrative File No. ████████669. Charles came into ICE custody on February 2, 2018. I was assigned to Charles' case on December 1, 2018. I have examined ICE official records, including the Enforce Alien Removal Module ("EARM") and PLAnet. EARM is the ICE electronic database utilized by ERO to maintain information regarding the custody and removal status of aliens. ("PLAnet") is the ICE electronic database maintained by ICE's Office of the Principal Legal Advisor as a case and document management system. These databases are the electronic records ordinarily relied upon to ascertain an alien's immigration history, current case status, and plans for removal, if any. I have also examined Charles' criminal history and his history with the Connecticut Department of Corrections ("DOC").

1

4. Charles first came to the attention of immigration officials in February of 1999 while he was serving a prison sentence with the Connecticut Department of Corrections for Sale of Illegal Drugs in violation of C.G.S. § 21a-278(b) and for Drugs Near a Prohibited Place in violation of C.G.S. § 21a-278a(b). Charles was served a Notice to Appear in February of 1999 and placed into removal proceedings on the immigration court's Institutional Hearing Program ("IHP"). I understand that the IHP docket allows immigration hearings to take place while an alien is still serving a state or federal criminal prison sentence to minimize the amount of time they spend in immigration detention once they are released from criminal detention. A review of Charles' A-file shows that he had several hearings on the IHP docket while Charles was incarcerated by the state of Connecticut from April 14, 1999 until January 9, 2003 when he was ordered removed from the United States but granted Deferral of Removal under the Convention Against Torture pursuant to 8 C.F.R. § 1208.17. When Charles was released from state prison to parole on February 24, 2010, he was not taken into immigration custody due to the grant of deferral of removal.

5. Charles next came to the attention of immigration officials in August of 2013 while he was detained by the state of Connecticut on pending charges of Criminal Attempt to Commit Murder in violation of Connecticut General Statutes (C.G.S.) sections 53a—54a(a) and 53a-49(a)(2), Assault in the First Degree in violation of C.G.S. §53a-59, and Burglary First Degree in violation of 53a-101(a)(2), in connection with a domestic violence incident where he stabbed a woman with a kitchen knife. Charles was convicted for Assault First Degree in violation of C.G.S. § 53a – 59, for which he received a sentence of 14 years in prison, with seven years to serve. In March of 2017, while Charles was serving this criminal sentence, ICE's Office of the Principal Legal Advisor filed a motion to reopen the grant of deferral of removal with the immigration judge. On March 15, 2017, the immigration judge granted the motion to reopen and set the case for a new hearing on the immigration court's IHP docket. Charles' first immigration hearing on the reopened case was on March 23, 2017, while he was still in the custody of the Connecticut

2

Department of Corrections, on the IHP docket, and not in immigration custody. The case was continued at Charles' request to allow him time to find an attorney. Charles' next hearing was on May 25, 2017. Charles did not have an attorney. The immigration judge reset the hearing for November 16, 2017, and ordered the transcripts prepared of the hearings that took place from 1999 through 2003.[1] On November 16, 2017, the case was set for February 22, 2018 – for a hearing on the merits of Charles' renewed application for deferral of removal pursuant to the Convention Against Torture.

6. Charles was released from criminal custody on February 2, 2018 and for the first time, entered immigration custody at the Franklin County House of Correction.

7. Charles' hearing took place as scheduled on February 22, 2018 and the immigration judge denied Charles' application for deferral of removal pursuant to the Convention Against Torture. Charles filed his appeal with the Board of Immigration Appeals ("BIA") on March 5, 2018. On October 3, 2018, the BIA dismissed Charles's appeal. Following the dismissal of Charles' appeal Charles was scheduled for a transfer to the ("Krome") Detention Center in Miami, Florida for a Haitian consulate interview, which is necessary to obtain a travel document to remove Charles to Haiti. That transfer was cancelled when on October 19, 2018 Charles filed a Petition for Review of the Board of Immigration Appeals order and a Motion to Stay his removal with the Court of Appeals for the Second Circuit. On December 11, 2018 the Second Circuit Court of Appeals granted Charles a stay of removal.

8. When Charles' petition for review is complete, should the order granting deferral of removal to Haiti be reinstated, any future detention would comply with 8 C.F.R. § 241.4(b)(3) which sets forth ICE's detention and release authority for individuals granted deferral of removal under the Convention Against Torture. Should the petition for review be denied, arrangements for

---

[1] Charles was in criminal custody with the Connecticut Department of Corrections, not DHS, for all hearings prior to February 22, 2018.

3

removal will resume.

9. On February 14, 2019, ICE exercised its discretion to release Mr. Charles on conditions under 8 U.S.C. § 1231(a). Therefore, Mr. Charles is not in ICE's custody.

10. Charles has a criminal history dating back to 1990. On or about March 20, 1990 he was arrested for Reckless Endangerment and Discharging a Firearm for which he received a prison sentence of one year, execution suspended. He was arrested on or about August 16, 1992 for Possession of Drug Paraphernalia, the disposition of which is unknown.

11. Charles was arrested on or about January 13, 1995 for NO PISTOL PRMIT (29-35 (a) but was reduced to CARRY DNGRS WPN 53-206 (a) for which he received a 3-year prison term, susp 3-years with probation. Charles was found in violation of his probation on July 15, 1998 and his probation was terminated.

12. Charles was arrested on January 30, 1997 for Sale of Narcotics, Criminal Trespass and Sale of Narcotics within 1500 feet of a school. Those charges were "nolle" (Nolle prosequi) on March 1, 1999.

13. Charles was arrested on February 18, 1997 for Sale of Illegal Drugs in violation of C.G.S. § 21a-278(b) and for Drugs Near a Prohibited Place in violation of C.G.S. § 21a-278a(b). Charles was released on $100,000 bond but failed to appear in court. Charles was rearrested on May 24, 1997 and was additionally charged with Failure to Appear in violation of C.G.S. §53a-172 and refusing to be photographed and / or Fingerprinted. According to Charles' criminal history records, Charles was convicted and sentenced for these offenses on May 22, 1998 for a total effective sentence to serve of 30 years on these events is as follows:

a.     SALE ILLGL DRUG(21a-278(b) ) (FEL -U) 1 CT(S) (ORIG)

DRGS NR PRHB PL 21a-278a(b) (FEL -U) (CONSP) 1 CT(S) (SUB)

8YR JAIL

b.     DRGS NR PRHB PL(21a-278a(b) ) (FEL -U) 1 CT(S)

9YR JAIL

c.   FLR TO APPEAR 1 (53a -172 ) (FEL -D) 1 CT(S) (ORIG )

DRGS NR PRHB PL 21a-278a(b) (FEL -U) 1 CT(S) (SUB)

8YR JAIL

d.   FLR TO APPEAR 1(53a-172 ) (FEL -0) 1 CT(S)

5YR JAIL , CONSEC

On February 6, 2004, Charles' sentences on the above offenses were modified and reduced to a total sentence of 14 years to serve. Charles was released to supervised parole on February 10, 2010.

14. Charles was next arrested on June 15, 2011 for Criminal Attempt to Commit Murder in violation of C.G.S. §§ 53a-54a(a) and 53a-49(a)(2), Assault in the First Degree in violation of C.G.S. §53a-59, and Burglary First Degree in violation of 53a-101(a)(2). Charles was convicted of Assault First Degree in violation of C.G.S. § 53a – 59, for which he received a sentence of 14 years in prison, with seven years to serve. A police report indicates that these charges stemmed from a dispute with his domestic partner over a phone bill.

I declare under penalty of perjury that the foregoing is true and correct.

Signed on the 11th day of April 2019,

_____
Robert Sousa
Deportation Officer
Department of Homeland Security
Immigration and Customs Enforcement
Hartford, Connecticut