# EXHIBIT 3

CHAD READLER
Acting Assistant Attorney General
Civil Division
WILLIAM PEACHEY
Director, Office of Immigration Litigation
EREZ REUVENI
Assistant Director
SARAH STEVENS WILSON
United States Department of Justice
    1801 Fourth Avenue North
    Birmingham, Alabama
    Telephone: (205) 244-2140
    Email: Sarah.Wilson2@usdoj.gov

Attorneys for Respondents

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ALEJANDRO RODRIGUEZ, *et al.*,<br><br>    Petitioners-Plaintiffs,<br><br>vs.<br><br>DAVID MARIN,[1] Field Office Director, U.S. Immigration and Custom Enforcement, Los Angeles, *et al.*,<br><br>    Respondents-Defendants. | No. cv 07-3239-TJH (RNBx)<br><br>Hon. Terry J. Hatter, Jr.<br><br><br><br>**JOINT STATUS REPORT** |

On February 2, 2018, the Court ordered the parties to file a joint status report by March 5, 2018. *See* ECF 477. In accordance with the Court's order, the parties submit the following report:

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), David Marin is substituted as the Los Angeles Field Office Director for Immigration and Customs Enforcement.

On February 27, 2018, the Supreme Court issued a decision in this case. *See Jennings v. Rodriquez*, No. 15-1204, 583 U. S. --- (Feb. 27, 2018). The Court reversed the Ninth Circuit's ruling that 8 U.S.C. §§ 1225, 1226(a), and 1226(c) require bond hearings after six months of immigration detention as a matter of statutory construction. The Court declined to decide the constitutional claims in the first instance and remanded the case for further consideration of those claims. On remand, the Court directed the Ninth Circuit to first "reexamine whether respondents can continue litigating their claims as a class" in light of 8 U.S.C. § 1252(f)(1), Federal Rule of Civil Procedure 23(b)(2), and *Wal-Mart Stores, Inc. v. Dukes*, 564 U. S. 338 (2011).

The parties agree that this Court does not need to take any action at this time. The mandate will issue no sooner than March 26, 2018. At that point, the Ninth Circuit will determine whether any of the remaining issues require further action by this Court. In the meantime, the parties agree that the permanent injunction remains in place in the Central District of California until it is vacated by some further action by this Court or the Ninth Circuit.

Respectfully Submitted,

*/s/ Michael Kaufman*
MICHAEL KAUFMAN
ACLU of Southern California
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5232
Email:MKaufman@ACLUSOCAL.org

*Attorney for Petitioners*

*/s/ Sarah Stevens Wilson*
SARAH STEVENS WILSON
United States Department of Justice
1801 Fourth Avenue North
Birmingham, Alabama
Telephone: (205) 244-2140
Email: Sarah.Wilson2@usdoj.gov

*Attorney for Respondents*

**CERTIFICATE OF SERVICE**

      I certify that on March 5, 2018, I filed the foregoing through the Court's CM/ECF system, which will deliver a copy to all counsel of record in this matter.

                                         /s/ *Sarah Stevens Wilson*
                                         SARAH STEVENS WILSON
                                         United States Department of Justice